PEOPLE v DURANSEAU

Docket No. 175501. Submitted August 6, 1996, at Lansing. Decided January 21, 1997, at 9:30 A.M. Leave to appeal sought.

Harvey J. Duranseau was convicted by a jury in the Oscoda Circuit Court, J. Richard Ernst, J., of three counts of tax evasion for failing to file state income tax returns from 1988 through 1990 and of being a third-offense habitual offender. He appealed.

The Court of Appeals *held*:

1. The defendant's convictions of tax evasion and the Department of Treasury's collection of penalties in addition to the taxes owed do not violate double jeopardy protections against multiple punishment under US Const, Am V or Const 1963, art 1, § 15 in the absence of a showing by the defendant that the civil penalty is overwhelmingly disproportionate to the government's damages or expenses.

2. The trial court did not abuse its discretion in deciding not to have a separate trial for each tax evasion charge inasmuch as had there been separate trials, evidence pertaining to the charges not the subject of each trial would still have been admissible as evidence of intent.

3. The defendant's right to a fair trial was not violated when prospective jurors saw him before trial attired in jail clothing. The trial judge rectified the problem by ordering the prosecutor to obtain civilian clothing for the defendant, who then changed clothes before trial commenced. The trial court did not abuse its discretion in denying a motion for a mistrial based on the defendant's appearance in jail clothing.

Affirmed.

CONSTITUTIONAL LAW — DOUBLE JEOPARDY — TAX EVASION CONVICTIONS - CIVIL PENALTIES.

A defendant who challenges as a violation of double jeopardy protections against multiple punishment for the same offense the imposition of a civil penalty and a conviction of tax evasion both arising from the failure to file a state income tax return must show that the civil penalty is overwhelmingly disproportionate to the government's damages or expenses (MCL 205.27[1][a]; MSA 7.657[27][1][a]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Barry L. Shantz*, Prosecuting Attorney, and *Paul L. Bricker*, Assistant Attorney General, for the people.

State Appellate Defender (by *Randy E. Davidson*), for the defendant on appeal.

Before: Michael J. Kelly, P.J., and Hoekstra and E. A. Quinnell*, JJ.

Hoekstra, J. Following a jury trial, defendant was convicted of three counts of tax evasion, MCL 205.27(1)(a); MSA 7.657(27)(1)(a), in connection with his failure to file state income tax returns for the years 1988 through 1990, and of being an habitual offender, third offense, MCL 769.11; MSA 28.1083. For the above offenses, defendant received concurrent sentences of three to seven years' imprisonment. Defendant now appeals, and we affirm.

Defendant first argues that his prosecution for tax evasion for the years 1988 and 1989 violated his federal and state constitutional protections against double jeopardy because the Michigan Department of Treasury had already collected an assessment for those years, which included an amount equal to one hundred percent of the amount owed as a penalty. See MCL 205.23(5); MSA 7.657(23)(5). We disagree. Defendant did not raise this issue at trial. However, because this issue involves an important constitutional claim, we deem review appropriate. *People v Artman*, 218 Mich App 236, 244; 553 NW2d 673 (1996).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The double jeopardy provisions of both the United States Constitution, US Const, Am V, and the Michigan Constitution, Const 1963, art 1, § 15, are intended to protect citizens from suffering multiple punishments and successive prosecutions for the same offense. *People v White*, 212 Mich App 298, 305; 536 NW2d 876 (1995). Although multiple punishments for the same act are prohibited by the Fifth Amendment, a defendant may nonetheless be subjected to both criminal and civil sanctions for the same act. *Artman*, *supra* at 245, citing *United States v Halper*, 490 US 435; 109 S Ct 1892; 104 L Ed 2d 487 (1989). The constitutional provisions against double jeopardy are not violated when the civil penalty serves a purpose distinct from any punitive purpose. *Artman*, *supra* at 246.

In *Artman*, this Court concluded that the basic test for determining whether the multiple punishment component of the Double Jeopardy Clause is violated rests on principles of legislative intent. After applying the test to the facts of *Artman*, this Court held that because the Legislature had declared attorney discipline proceedings to be civil in nature and the proceedings were intended not to punish the wrongdoer, but to protect the public, the courts, and the legal profession, the sanction of disbarment was not excessive in relation to its nonpunitive purpose. *Id.* at 246-247. Therefore, the imposition of criminal sanctions following the defendant's disbarment did not violate double jeopardy.

Unlike *Artman*, in the instant case, the legislative intent underlying the statutory provisions at issue is

not so clearly evident.[1] In the absence of clear legislative intent, our resolution of this issue requires us to examine whether the civil penalty already imposed should be considered "punishment" such that defendant's criminal prosecution amounted to double jeopardy. See *Halper, supra* at 448. Although the government is entitled to "rough remedial justice" with respect to compensation for its damages and costs and may demand compensation according to somewhat imprecise formulas without being deemed to have imposed a second punishment, a civil penalty nonetheless may be so divorced from the government's actual damages and expenses that it constitutes punishment. *Id.* at 442, 446.

Other courts have gone on to hold that a civil penalty is not to be assumed to be punishment; rather, it is up to a defendant to make a threshold showing of punishment by demonstrating that the civil sanction is overwhelmingly disproportionate to the government's damages and expenses before a court is required to undertake a double jeopardy analysis. See *United States v Morgan*, 51 F3d 1105, 1115 (CA 2, 1995). We agree that a defendant raising a challenge to a civil penalty under MCL 205.23(5); MSA 7.657(23)(5) must first make a threshold showing of punishment by demonstrating that the civil penalty is

---

[1] In *Kivela v Dep't of Treasury*, 449 Mich 220, 251; 536 NW2d 498 (1995), Justices Cavanaugh and LEVIN concluded that civil penalties for tax fraud under MCL 205.23(5); MSA 7.657(23)(5) and jeopardy assessments under MCL 205.26; MSA 7.657(26) were "quasi-criminal" in nature because their sole object was to punish an individual for evading tax laws. However, a majority of the justices rejected the dissent's view of proceedings under MCL 205.26; MSA 7.657(26) as "quasi-criminal." They did not comment, however, on whether they believed that proceedings under MCL 205.23(5); MSA 7.657(23)(5), the statute at issue in this case, should be viewed as "quasi-criminal."

overwhelmingly disproportionate to the government's damages and expenses. Because defendant in the instant case made no showing that the sanction at issue was overwhelmingly disproportionate,[2] we find no double jeopardy violation here.

Defendant next argues that the trial court abused its discretion in refusing to grant him a separate trial for each of his tax evasion charges. While it is correct that a trial court may sever related offenses in certain circumstances, MCR 6.120(C), a trial court is not required to do so. Here, we find no abuse of discretion in the trial court's decision not to sever the charges because the evidence pertaining to the other charges, which defendant believes caused him prejudice, would have been admissible in each of the trials as evidence of intent.

Finally, defendant argues that the trial court abused its discretion in denying his motion for a mistrial where he appeared in jail clothing[3] before the prospective jurors. Because the record below reveals that defendant's right to a fair trial was not diminished by this irregularity, we believe that the trial court did not abuse its discretion in failing to grant a mistrial. *People v Lugo*, 214 Mich App 699, 704; 542 NW2d 921 (1995). We believe that the actions taken by the trial court to rectify the situation were appro-

---

[2] Given the de minimis nature of the civil sanctions at issue here, a penalty of $498 for 1988 and $2,058 for 1989, and the Supreme Court's recognition in *Halper, supra*, that "fixed-penalty-plus-double-damages provisions" ordinarily can be said to do no more than make the government whole, *id.* at 449, we find it unnecessary to remand this case to allow defendant to attempt to make a showing of disproportionality.

[3] Defendant's appearance in court in jail clothing appears to have been intentional, given that civilian clothing left by his trial counsel was later discovered in his locker.

priate. First, the trial judge, after entering the courtroom and noticing that defendant was in jail clothing, excused the jurors from the room before the commencement of the trial. He then had the prosecutor take defendant to a local store and purchase civilian clothing for him, all out of the presence of the jurors. We find nothing in these actions that deprived defendant of a fair trial.

Affirmed.