# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

BARBARA JEAN BASSETT, also known as
BARBARA JEAN SMITH,

   Plaintiff-Appellant,

v

STATE COURT ADMINISTRATOR, STATE
POLICE CRIMINAL RECORDS DIVISION,
DETROIT PUBLIC SCHOOLS HUMAN
RESOURCES CRIMINAL
CONVICTION/BACKGROUND AND
FINGERPRINTING UNIT, GWENDOLYN R.
WASHINGTON, WENDY SHIRLEY,
CHRYSLER ELEMENTARY SCHOOL, and
CHRYSLER ELEMENTARY SCHOOL
PRINCIPAL,

   Defendants-Appellees,

and

FEDERAL BUREAU OF INVESTIGATION and
MS. HERRELL,

   Defendants.

UNPUBLISHED
June 15, 2017

No.  329688
Court of Claims
LC No.  15-000123-MZ

---

BARBARA JEAN BASSETT, also known as
BARBARA JEAN SMITH,

   Plaintiff-Appellant,

v

STATE COURT ADMINISTRATOR, STATE
POLICE CRIMINAL RECORDS DIVISION,
DETROIT PUBLIC SCHOOLS HUMAN
RESOURCES CRIMINAL
CONVICTION/BACKGROUND AND
FINGERPRINTING UNIT, CHRYSLER

No.  329999
Wayne Circuit Court
LC No.  15-006671-CZ

-1-

ELEMENTARY SCHOOL, CHRYSLER
ELEMENTARY SCHOOL PRINCIPAL,
GWENDOLYN R. WASHINGTON, and WENDY
SHIRLEY,

                Defendants-Appellees,

and

FEDERAL BUREAU OF INVESTIGATION and
MS. HERRELL,

                Defendants.

---

Before:  MARKEY, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

In **Docket No. 329688**, plaintiff appeals by right the Court of Claims Opinion and Order granting defendants', State Court Administrator, State Police Criminal Records Division, Detroit Public Schools Human Resources Criminal Conviction/Background and Fingerprinting Unit, Gwendolyn R. Washington,[1] Wendy Shirley,[2] Chrysler Elementary School Principal and Chrysler Elementary School, motions for summary disposition.[3] In **Docket No. 329999**, plaintiff appeals by right the Wayne Circuit Court order granting the same state and DPS defendants' motions for summary disposition.[4] We affirm.

First, plaintiff contests the grant of summary disposition in favor of defendants, primarily arguing on appeal that the Wayne Circuit Court had jurisdiction over the state defendants and improperly ruled on factual issues.

---

[1] Washington is employed with the Detroit Public Schools in the Human Resources Criminal Conviction/Background and Fingerprinting Unit.

[2] Shirley is the principal of Chrysler Elementary School.

[3] For ease of future reference, unless discussing a specific individual or entity, defendants are grouped into two categories:  (a) the Detroit Public School (DPS) defendants comprised of Detroit Public Schools Human Resources Criminal Conviction/Background and Fingerprinting Unit, Gwendolyn Washington, Chrysler Elementary School, Chrysler Elementary School Principal and Wendy Shirley and (b) the state Defendants, including the State Court Administrator's Office (SCAO) and the State Police Criminal Records Division (MSP).

[4] This Court consolidated the appeals "to advance the efficient administration of the appellate process." *Bassett v State Court Administrator*, unpublished order of the Court of Appeals, entered January 7, 2016 (Docket Nos. 329688; 329999).

In the Wayne Circuit Court, summary disposition was granted to the state defendants premised on MCR 2.116(C)(4) and (7) and to the DPS defendants pursuant to MCR 2.116(C)(7), (8) and (10).

This Court reviews the decision of a trial court on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Jurisdictional issues under MCR 2.116(C)(4) are also reviewed de novo. *Fulicea v Michigan*, 308 Mich App 230, 232; 863 NW2d 385 (2014). Summary disposition is proper pursuant to MCR 2.116(C)(7) when a party has "immunity granted by law." In reviewing a motion under subrule (C)(7), a court accepts as true the plaintiff's well-pleaded allegations of fact and construes them in the plaintiff's favor, unless contradicted by the parties' documentary submissions. *Patterson v Kleiman*, 447 Mich 429, 434 n 6; 526 NW2d 879 (1994). The court must consider the affidavits, pleadings, depositions, admissions, and any other documentary evidence submitted by the parties to determine whether a genuine issue of material fact exists. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW 124 (2010). If no material facts are in dispute, and if reasonable minds could not differ regarding the legal effect of the facts, whether a claim is barred is a legal issue for the court. *Dextrom v Wexford Co*, 287 Mich App 406, 431; 789 NW2d 211 (2010). But if a fact issue exists that if proved provides a basis for recovery, summary disposition is not proper. *Id*.

In contrast, "[a] motion for summary disposition under subrule (C)(8) tests the legal sufficiency of the pleadings alone." *Nuculovic*, 287 Mich App at 61. Under MCR 2.116(C)(8), summary disposition is appropriate when a "party has failed to state a claim on which relief can be granted." The trial court when reviewing the motion under this rule may consider only the pleadings, accepting as true all factual allegations supporting the claim and any reasonable inferences that might be drawn from the allegations. *Gorman v American Honda Motor Co*, 302 Mich App 113, 131; 839 NW2d 223 (2013. A motion under MCR 2.116(C)(8) should be granted only if no factual development could possibly justify recovery. *Id.* at 131-132.

Finally, a motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. *Maiden v Rozwood*, 461 Mich at 120. When reviewing a motion for summary disposition brought under subrule (C)(10), the court must examine all documentary evidence presented to it, and drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists. *Dextrom*, 287 Mich App at 430. The court reviews the evidence but may not make findings of fact or weigh credibility in deciding a summary disposition motion. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). A trial court properly grants the motion when the evidence fails to establish any genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id.*

The Wayne Circuit Court questioned whether it had jurisdiction over the state defendants, ultimately concluding that plaintiff's claims against the state entities had been brought in the wrong court. Under the Court of Claims Act, it appears the Court of Claims has jurisdiction:

> [t]o hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for

monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court. [MCL 600.6419(1)(a).]

With limited exceptions, MCL 600.6419(1) provides, "the jurisdiction of the court of claims . . . is exclusive." The terms "the state or any of its departments or officers" are defined to mean:

this state or any state governing, legislative, or judicial body, department, commission, board, institution, arm, or agency of the state, or an officer, employee, or volunteer of this state or any governing, legislative, or judicial body, department, commission, board, institution, arm, or agency of this state, acting, or who reasonably believes that he or she is acting, within the scope of his or her authority while engaged in or discharging a government function in the course of his or her duties. [MCL 600.6419(7).]

It is undisputed that the MSP and SCAO are state agencies or departments. See MCL 28.2 (creating the department of the Michigan State Police); MCL 600.151b (delineating the duties of the SCAO "[f]or each state fiscal year."). As such, the trial court correctly dismissed the state defendants from the Wayne Circuit Court litigation.

The Wayne Circuit Court also deemed proper the dismissal of the state defendants because of their entitlement to governmental immunity. At the outset, it must be noted that plaintiff has confused two different entities or assumed that they are interchangeable: the SCAO and the Clerk for the Wayne Circuit Court Criminal Division. Other than listing in the caption and a brief reference as a preliminary matter of identification, nowhere else in her complaint does plaintiff again identify the SCAO or attribute any wrongful action to that entity. As noted by the Wayne Circuit Court at the hearing on the motions for summary disposition, plaintiff sued the wrong entity in naming the SCAO because it "does not employ the county clerks." Thus, plaintiff's claims against the SCAO failed to identify a proper defendant, necessitating dismissal. In addition, plaintiff failed to effectuate service of process on the SCAO, necessitating dismissal of the complaint against the SCAO pursuant to MCR 2.102(E)(1) ("On the expiration of the summons . . . the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules[.]").

Alternatively, the Wayne Circuit Court dismissed the state defendants based on their entitlement to governmental immunity. As explained in *Odom v Wayne Co*, 482 Mich 459, 477; 760 NW2d 217 (2008), a vital principle of "sovereign or governmental immunity is that the state may be held liable in a court of law only when the state has expressly permitted a suit against it." So, under the Government Tort Liability Act (GTLA), MCL 691.1401 *et seq.*, "the state maintains its immunity when 'engaged in the exercise or discharge of a governmental function' unless the plaintiff establishes the existence of a statutorily created exception to that immunity." *Odom*, 482 Mich at 479; qouting MCL 691.1407(1). The statutory exceptions to governmental immunity are limited to the following: (a) the highway exception, MCL 691.1402; (b) the motor-vehicle exception, MCL 691.1405; (c) the public-building exception, MCL 691.1406; (d) the proprietary-function exception, MCL 691.1413; (e) the governmental-hospital exception, MCL 691.1407(4); and (f) the sewage-disposal-system-event exception, MCL 691.1417(2) and (3). *Odom*, 482 Mich at 478 n 62. When initiating litigation against a state or governmental

-4-

agency, it is incumbent on a plaintiff to plead his or her "claims in avoidance of governmental immunity." *Id*. at 478-479. All of plaintiff's claims comprise torts, and it has long been recognized that "[t]here is no 'intentional tort' exception to governmental immunity." *Sudul v City of Hamtramck*, 221 Mich App 455, 483; 562 NW2d 478 (1997) (citation omitted).

In this instance, plaintiff alleges that the MSP was negligent in disclosing her prior conviction because of an order permitting that record to be expunged. An exception to governmental immunity has been neither alleged nor identified. The MSP, as a state agency, is immune from liability if it was "engaged in the exercise or discharge of a governmental function" at the time the alleged wrongful action occurred. MCL 691.1407(1). A "governmental function" has been defined as an "activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law." *Harrison v Dir of Dep't of Corrections*, 194 Mich App 446, 450; 487 NW2d 799 (1992) (citation omitted). The MSP is statutorily identified as the entity to which school districts must submit requests for "a criminal history check on [an] individual . . . before employing the individual as a regular employee or allowing the individual to regularly and continuously work under contract in any of its schools. . . ." MCL 380.1230(1). As such, it cannot be legitimately disputed that the MSP, in supplying information regarding plaintiff's criminal history for employment purposes to a local school, was serving a governmental function mandated by statute and, thus, entitled to governmental immunity.

Several problems also exist concerning plaintiff's allegations that the circuit court erred by dismissing the DPS defendants. As the court noted, plaintiff has failed to sue the proper entities with regard to the DPS Human Resources Criminal Conviction/Background and Fingerprinting Unit and Chrysler Elementary School. "A school district is a municipal corporation." *Hall v Ira Twp*, 348 Mich 402, 405; 83 NW2d 443 (1957). The entities that plaintiff identified are parts of the City of Detroit Board of Education, which may sue or be sued in accordance with MCL 380.401(3). Thus, plaintiff's allegations would be properly made against the Detroit Public Schools or the Board of Education for the City of Detroit, i.e., those are the entities that would be the proper real parties in interest.

Notwithstanding plaintiff's erroneously suing the wrong entities, the Detroit Public School Human Resources Criminal Conviction/Background and Fingerprinting Unit and Chrysler Elementary School, as governmental entities, would be immune from suit and entitled to dismissal. As discussed in conjunction with the state defendants, MCL 380.1230(1) requires a school district before offering employment to "request from the criminal records division of the department of state police a criminal history check on the individual and before employing the individual as a regular employee" to have received the MSP report. If the record obtained "discloses that an individual has been convicted of a listed offense," upon verification of the information, the school district is precluded from employing "the individual in any capacity . . . and shall not allow the individual to regularly and continuously work under contract in any of its schools." MCL 380.1230(9). The information obtained from the record check is to be used "only for the purpose of evaluating an individual's qualifications for employment," with the contents to be disclosed only to those individuals "directly involved in evaluating the applicant's qualifications for employment[.]" MCL 380.1230(10).

It is routinely recognized "that a school district, its board members, and its employees are generally protected by governmental immunity." *LM v Michigan*, 307 Mich App 685, 701; 862

-5-

NW2d 246 (2014). As governmental entities, the Detroit Public School Human Resources Criminal Conviction/Background and Fingerprinting Unit and Chrysler Elementary School are granted immunity from tort liability if they were "engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). Because conducting the record check was statutorily required, these entities were clearly engaged in a governmental function, *Harrison*, 194 Mich App at 450, entitling them to dismissal of plaintiff's claims on the basis of governmental immunity. MCR 2.116(C)(7) ("immunity granted by law").

Plaintiff implies in her complaint that the information obtained from the criminal record check was improperly disseminated to certain individuals. These allegations are conjecture. Because plaintiff's allegation pertaining to Ms. Herrell "constitutes mere speculation or, at most, nothing more than a promise to offer factual support for a claim at trial, [it] is insufficient" to overcome the motion for summary disposition. *Hall v Consol Rail Corp*, 462 Mich 179, 187; 612 NW2d 112 (2000). Delivery of the information from Washington as an employee of the Detroit Public Schools Human Resources Criminal Conviction Unit, to Shirley, as the principal of Chrysler Elementary School cannot be construed as violating MCL 380.1230(10).

Finally, the individual defendants, Washington and Shirley, are entitled to summary disposition premised on both their entitlement to qualified governmental immunity and the failure of plaintiff to demonstrate the necessary elements to establish her various tort claims. Beginning with the entitlement to governmental immunity for Washington and Shirley, MCL 691.1401 *et seq.*, provides broad immunity from tort liability to both governmental agencies and their employees when they are engaged in the exercise or discharge of a governmental function. MCL 691.1407(2) provides, in pertinent part:

> [W]ithout regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency . . . is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:
>
> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.
>
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>
> (c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

In this case, under MCL 380.1230, Washington and Shirley were acting in the scope of their authority and engaged in the exercise or discharge of a governmental function. Plaintiff pleaded only negligence, not gross negligence, which is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results," MCL 691.1407(8)(a). As such, Washington and Shirley were entitled to governmental immunity.

Alternatively, the Wayne Circuit Court also determined that the individual defendants were entitled to summary disposition because plaintiff failed to establish the elements of the alleged torts of (a) defamation per se, (b) slander per se, (c) violation of the privacy act, and (d) tortious interference with an economic relationship.

The elements comprising a claim for defamation are: "(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication." *Ghanam v Does*, 303 Mich App 522, 544; 845 NW2d 128 (2014) (citation omitted). "To be considered defamatory, statements must assert facts that are 'provable as false.' " *Id.* at 545 (citation omitted). Plaintiff has acknowledged in both her complaint and during arguments on the motions for summary disposition that she was convicted of the offense reported. "[T]ruth is an absolute defense to a defamation claim." *Collins v Detroit Free Press, Inc*, 245 Mich App 27, 33; 627 NW2d 5 (2001). In addition, plaintiff is unable to establish "an unprivileged communication to a third party," *Ghanam*, 303 Mich App at 544, because Washington and Shirley were complying with the mandate of MCL 380.1230(10).

The elements of libel are the same as those identified for defamation: "1) a false and defamatory statement concerning the plaintiff, 2) an unprivileged communication to a third party, 3) fault amounting to at least negligence on the part of the publisher, and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by publication." *Collins*, 245 Mich App at 32. Thus, for the same reasons identified in conjunction with plaintiff's claim of defamation, her claim of libel could not survive summary disposition.

The elements that must be established to support a claim of tortious interference with a business relationship or expectancy are:

> (1) the existence of a valid business relationship or expectancy that is not necessarily predicated on an enforceable contract, (2) knowledge of the relationship or expectancy on the part of the defendant interferer, (3) an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and (4) resulting damage to the party whose relationship or expectancy was disrupted. [*Health Call of Detroit v Atrium Home & Health Care Servs, Inc*, 268 Mich App 83, 90; 706 NW2d 843 (2005) (citations omitted).]

A plaintiff must show that otherwise lawful acts were committed with " 'malice and without justification.' " *Mino v Clio Sch Dist*, 255 Mich App 60, 78; 661 NW2d 586 (2003) (citation omitted). Thus, the plaintiff must prove specific " 'affirmative acts by the defendant that corroborate the improper motive of the interference. Where the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference.' " *Id*. Once again, plaintiff is unable to establish the necessary element of "intentional interference," because she has failed to demonstrate the record check and decision to rescind the offer of employment were committed "with malice and without justification," given that the DPS defendants were complying with the requirements of MCL 380.1230.

-7-

Plaintiff also asserts violation of the "Privacy Act of 1993." Plaintiff fails to specify the act she is referencing with a proper legal citation or other identifiable means. It is assumed that plaintiff is not referencing the preservation of personal privacy act, MCL 445.1711 *et seq.*, which prohibits the disclosure of certain materials. Rather, we assume that plaintiff is referencing the exemption from disclosure for personal information under subsection 13(1)(a) of the Freedom of Information Act (FOIA). MCL 15.243(1)(a). This statutory provision exempts from disclosure by a public body "[i]nformation of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy." *Id.* Not only does plaintiff fail to identify the statutory provision she relies on in her complaints, she also fails to explain how the provision is related to her particular situation and allegations. Plaintiff's allegation that the information was "false and unprivileged" is without basis given the record of her prior conviction was admittedly accurate. Further the individuals identified by plaintiff regarding disclosure of this information are predominantly employees of the Detroit Public Schools. MCL 380.1230 mandates such information be obtained and disseminated to these individuals to ascertain her eligibility for employment. Plaintiff also asserts that the information was disclosed to Ms. Herrell, but again plaintiff has offered only speculation and conjecture to sustain this allegation. Notably, plaintiff did not address her allegation of a violation of the "privacy act" at summary disposition in either court or in her brief on appeal to this Court. As such, this claim has been abandoned. This Court has frequently explained:

> An appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority. Further, this Court will not search for authority to sustain or reject a party's position. Consequently, we find that plaintiff has abandoned this argument. [*Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015) (Citations, brackets, and quotation marks omitted.]

Hence, based on the entitlement to governmental immunity and plaintiff's failure to establish the requisite elements for her tort claims, we conclude the Wayne Circuit Court did not err in granting summary disposition to the DPS defendants and correctly dismissed the state defendants based on the lack of jurisdiction.

Next, plaintiff contests the Court of Claims' grant of summary disposition on the basis that it improperly relied on the Wayne Circuit Court's ruling and confused the concepts of jurisdiction and res judicata. She asserts having pleaded sufficient "facts" to overcome entitlement to governmental immunity and contends that the DPS defendants are state actors for the purpose of jurisdiction in the Court of Claims. For the first time, plaintiff argues that the defendants were grossly negligent, precluding their entitlement to governmental immunity.

" 'For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court.' " *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014) (citation omitted). In lieu of filing answers to plaintiff's complaint, defendants moved for summary disposition, alleging lack of jurisdiction, entitlement to governmental immunity and res judicata. The Court of Claims issued a written opinion dismissing plaintiff's claims on the basis of jurisdiction, res judicata and governmental immunity. These issues are p329688erved for appellate review. For the first time on appeal,

however, plaintiff raises as error allegations pertaining to double jeopardy, due process and gross negligence. These issues are not properly preserved for appellate review.

The Court of Claims dismissed the DPS Defendants under MCR 2.116(C)(4) for a lack of jurisdiction and also found that plaintiff's claims against these defendants were barred by res judicata. This Court reviews a trial court's application of an equitable doctrine, such as res judicata, de novo. *Sylvan Twp v City of Chelsea*, 313 Mich App 305, 315-316; 882 NW2d 545 (2015). The state defendants sought and were granted summary disposition pursuant to MCR 2.116(C)(7). Our review of unpreserved claims is limited to whether plain error affected substantial rights. *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008). "To avoid forfeiture under the plain-error rule, three requirements must be met: (1) an error must have occurred; (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights. *Id*. at 328-329 (Citations and quotation marks omitted).

Beginning with the DPS defendants, plaintiff is mistaken in her contention that they are state actors for purpose of jurisdiction in the Court of Claims. In accordance with MCL 600.6401 *et seq.*, the Court of Claims retains exclusive jurisdiction over tort-based and contract-based claims pending against the state. *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763, 773-775; 664 NW2d 185 (2003). Contrary to plaintiff's contention, the DPS defendants do not fall within the purview of the Court of Claims. As recognized in *Doan v Kellogg Community College*, 80 Mich App 316, 320; 263 NW2d 357 (1977), citing the statutory definitions of a "political subdivision" and the "state" in MCL 691.1401, "[c]ertain governmental instrumentalities are never within the jurisdiction of the Court of Claims. These include: counties, cities, villages, townships and school districts. Their exclusion from the jurisdiction of the Court of Claims is provided by legislative enactment." As such, the dismissal of the DPS defendants by the Court of Claims for lack of jurisdiction was not in error.

Even if plaintiff's assertion regarding the propriety of jurisdiction by the Court of Claims over the DPS defendants were correct, summary disposition was still proper based on both entitlement to governmental immunity and the doctrine of res judicata. The purpose underlying the doctrine of res judicata has been explained as an effort to " 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.' " *Sylvan Twp*, 313 Mich App at 316 (citations omitted). To accomplish this purpose, a second action is barred or precluded under the doctrine of res judicata " 'when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies.' " *Id.* (citations omitted).

There can be no genuine dispute that the Wayne Circuit Court proceeding and decision involved the identical parties and claims as that initiated in the Court of Claims. The Wayne Circuit Court granted summary disposition in favor of the DPS defendants and dismissed plaintiff's claims against these entities and individuals "with prejudice." "[S]ummary judgment is the procedural equivalent of a trial and is a judgment on the merits which bars relitigation on principles of res judicata." *Capital Mortg Corp v Coopers & Lybrand*, 142 Mich App 531, 536; 369 NW2d 922 (1985). Thus, the Court of Claims was correct in finding that the doctrine of res judicata would, in the alternative, serve to preclude plaintiff's claims against the DPS defendants.

Plaintiff's challenge to the Court of Claims ruling, granting the state defendants summary disposition premised on governmental immunity is also without merit. As discussed previously, plaintiff contends that the MSP was negligent in disclosing her prior conviction because of an order permitting that record to be expunged. An exception to governmental immunity has been neither alleged nor identified. As a state agency, the MSP is immune from liability if it was "engaged in the exercise or discharge of a governmental function" at the time the alleged wrongful action occurred. MCL 691.1407(1). A "governmental function" has been defined as an "activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law." *Harrison*, 194 Mich App at 450 (citation omitted). The MSP is statutorily identified as the entity for use by schools districts to submit requests for "a criminal history check on [an] individual . . . before employing the individual as a regular employee or allowing the individual to regularly and continuously work under contract in any of its schools. . . ." MCL 380.1230(1). Further, although plaintiff alleges that she pleaded "facts" sufficient to overcome entitlement to governmental immunity, she fails to recognize that to avoid the applicability of governmental immunity she is required to plead a recognized exception. *Odom*, 482 Mich at 478 n 62. As such, it cannot be legitimately disputed that the MSP, in supplying information regarding plaintiff's criminal history for employment purposes to a local school, was serving a governmental function mandated by statute and, thus, entitled to governmental immunity. As discussed previously, plaintiff's claims against the SCAO were subject to dismissal for the failure to effectuate service of process in accordance with MCR 2.102(E)(1).

Finally, for the first time, on appeal, plaintiff alludes to the applicability of gross negligence and a violation of due process and double jeopardy. Because these issues were not raised in the lower courts, they are not properly preserved, and they need not be addressed by this Court. "This Court ordinarily will not consider issues raised for the first time on appeal." *In re RFF*, 242 Mich App 188, 204; 617 NW2d 745 (2000). This Court may, however, consider unpreserved constitutional claims "where no question of fact exists and the interest of justice and judicial economy so dictate." *Great Lakes Div of Nat'l Steel Corp v City of Ecorse*, 227 Mich App 379, 426; 576 NW2d 667 (1998).

While plaintiff references or asserts a violation of due process, she fails to indicate whether she is referring to procedural or substantive due process or to explain, in any manner, the conclusory and unsupported allegation. "An appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority." *Cheesman*, 311 Mich App at 161. As such, this claim is abandoned. *Id.*

Plaintiff clearly fails to comprehend the concept of double jeopardy. "The Double Jeopardy Clause functions as a restraint on the prosecutor and the court, but does not limit the Legislature's ability to define criminal offenses and establish punishments[.]" *People v Meshell*, 265 Mich App 616, 628-629; 696 NW2d 754 (2005) (quotation marks and citations omitted). "[T]he Double Jeopardy Clause protects only against the imposition of multiple criminal punishments for the same offense, and then only when such occurs in successive proceedings." *Dawson v Secretary of State*, 274 Mich App 723, 731; 739 NW2d 339 (2007) (citation and italics omitted). Double jeopardy protections do not apply in civil proceedings unless it is shown that a civil penalty is so overwhelmingly disproportionate to the government's damages and expenses that it amounts to a punishment. *People v Duranseau*, 221 Mich App 204, 207-208; 561 NW2d

111 (1997). The grant of summary disposition in favor of defendants does not satisfy this criteria of the imposition of a civil penalty so as to invoke double jeopardy protections.

Finally, on appeal, plaintiff suggests that whether defendants were grossly negligent is a question of fact precluding the grant of summary disposition. Several difficulties arise with this assertion. First, plaintiff never pleaded gross negligence in either of her complaints. Second, plaintiff raises the applicability of the gross negligence exception to governmental immunity in her appellate brief pertaining to the Court of Claims ruling. Plaintiff did not identify any individual state employees in conjunction with her claim. It is routinely recognized that by its plain terms, the gross negligence exception of MCL 691.1407(2) applies only to governmental immunity of officers, employees, members or volunteers of governmental agencies, not to governmental agencies. See *Gracey v Wayne Co Clerk*, 213 Mich App 412, 420; 540 NW2d 710 (1995), overruled in part on other grounds *American Transmissions, Inc v Attorney General*, 454 Mich 135, 143; 560 NW2d 50 (1997). As such, the gross negligence exception to governmental immunity is inapplicable in the circumstances suggested by plaintiff. Finally, the term "gross negligence" as used within the GTLA is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether injury results." MCL 691.1407(8)(a). "[E]vidence of ordinary negligence does not create a genuine issue of material fact concerning gross negligence. Rather, a plaintiff must adduce proof of conduct 'so reckless as to demonstrate a substantial lack of concern for whether an injury results.' " *Maiden*, 461 Mich at 122-123 (citation omitted). In sum, the actions that plaintiff alleges do not rise to the level of gross negligence, and the gross negligence exception is irrelevant because it does not apply to the state defendants.

We affirm.

/s/ Jane E. Markey
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro