# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DAVID BRIAN GRIFFIN,

       Defendant-Appellant.

UNPUBLISHED
October 12, 2017

No. 333345
Wayne Circuit Court
LC No. 15-009612-01-FC

Before: GLEICHER, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree premeditated murder, MCL 750.136(1)(a), assault with intent to commit murder, MCL 750.83, felon in possession of a firearm (felon-in-possession), MCL 750.224f(1), and possession of a firearm in the commission of a felony (felony-firearm), MCL 750.227b(1). Defendant was sentenced to life imprisonment without the possibility of parole for the first-degree premeditated murder conviction, 25 to 50 years' imprisonment for the assault with intent to commit murder conviction, two to five years' imprisonment for the felon-in-possession conviction, and two years' imprisonment for the felony-firearm conviction.[1] We affirm.

Defendant was implicated in two shootings that took place on October 21, 2015. The first shooting occurred at approximately 9 p.m. at defendant's home, located at 19155 Westphalia Street in Detroit, Michigan. The victim in that shooting, Michael Wilson, was shot twice in the abdomen, and succumbed to his injures. The second shooting occurred shortly after at a coney island restaurant a few blocks away on Seven Mile Road in Detroit, Michigan. The victim in that shooting, Aaron Varner, was shot in the right shoulder, and survived. On appeal, defendant cites three instances where he claims that he did not receive effective assistance of counsel at trial, none of which we find to be persuasive. Each is addressed in turn.

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016) (citation omitted). "Generally, a trial court's findings of fact, if any, are reviewed for

---

[1] This case was consolidated with Case No. 15-009490-01-FC in the trial court.

clear error, and questions of law are reviewed de novo." *Id*. at 188 (citations omitted). In the trial court, defendant did not move for a new trial on the basis of ineffective assistance of counsel or request a *Ginther*[2] hearing.[3] Where "no factual record was created with respect to defendant's claim, . . . this Court's review is limited to mistakes apparent on the lower court record." *Id*. (citation and footnote omitted).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citation omitted). When alleging ineffective assistance of counsel, it is defendant's burden to prove "(1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial could have been different." *Solloway*, 316 Mich App at 188 (citations omitted). "[D]efendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

First, defendant argues that trial counsel was ineffective for failing to move to sever the charges relating to the Westphalia Street shooting from the charges relating to the coney island shooting. Defendant contends that the Westphalia Street shooting and the coney island shooting were separate incidents that should have been tried before two different juries. We disagree.

Briefly, we address defendant's claim that the prosecution did not move to join the two cases, but simply charged them in the same felony information. This is incorrect. The prosecution filed a motion seeking to consolidate the two cases, and during a final conference on April 6, 2016, trial counsel indicated that she had no objection to the two cases being consolidated and the trial court granted the motion. Accordingly, the record confirms that the cases were consolidated following the prosecution's motion. Therefore, the portion of defendant's argument suggesting the prosecution merely charged both incidents in the same information is without merit. Defendant's argument that trial counsel should have moved to sever the charges is likewise unpersuasive. MCR 6.120(B) provides that upon a motion from either party, or "[o]n its own initiative," the trial court may join "offenses charged in two or more informations . . . against a single defendant . . . when appropriate to promote fairness to the parties and a fair determination of the defendant's guilt or innocence of each offense." MCR 6.120(B)(1) goes on to state, in pertinent part:

> (1) Joinder is appropriate if the offenses are related. For the purposes of this rule, offenses are related if they are based on
>
> (a) the same conduct or transaction, or
>
> (b) a series of connected acts, or

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] This Court denied defendant's motion seeking remand for a *Ginther* hearing. *People v Griffin*, unpublished order of the Court of Appeals, entered November 16, 2016 (Docket No. 333345).

(c) a series of acts constituting parts of a single scheme or plan.

Conversely, under MCR 6.120(C), on motion by the defendant, a trial court "must sever for separate trials" charges that are unrelated, based upon the definition of "related" provided in MCR 6.120(B)(1).

We agree with the trial court's decision to try these cases together,[4] and conclude that severance was not required because the Westphalia Street shooting and the coney island shooting were related as contemplated by the court rule. We first note that the two shootings were contemporaneous, occurring within a short time period and only a few blocks away from each other. Further, Nicole Stone, who had spent time with both Varner and Wilson earlier in the day, and was at the coney island when Varner was shot, testified that defendant, Varner, and Wilson all knew each other, and that an issue of contention between the three men had been brewing. Varner confirmed that he had been friends with Wilson and defendant for some time. Varner's testimony that he did not want to go to Westphalia Street because he did not want to meet with a man named "Unc," despite receiving multiple phone calls from defendant asking him to come to Westphalia Street before both shootings, supported Stone's assertion that there was a contentious issue pending between the three men. Further, Detroit Police Officer Nicholas Dedeluk, who responded to the coney island shooting, testified that the area in which these two shootings took place is known as a "red area," meaning gang activity and violence is highly prevalent. Detroit Police Officer David Gibson elaborated, testifying that the Gang Intelligence Unit had actually raided defendant's home a few days before the shootings. Defendant's next door neighbor on Westphalia Street also testified that he heard a male voice yelling to "stop[,]" and to "[t]ell him what he wants to know," or "tell him what he wants to hear," around the time of the shooting. Therefore, we are satisfied that the trial court correctly concluded consolidation was appropriate in these cases where the two shootings were part of "the same conduct or transaction," or were otherwise related as "a series of connected acts[.]" MCR 6.120(B)(1)(a), (b). Thus, we are not persuaded that trial counsel's performance "fell below an objective standard of reasonableness[.]" *Solloway*, 316 Mich App at 188 (citations omitted). Trial counsel's decision to not mount a futile objection will not support a claim of ineffective assistance of counsel. *People v Putman*, 309 Mich App 240, 245; 870 NW2d 593 (2015).

Additionally, defendant cannot demonstrate that the outcome of the proceedings would have been different if the two cases were not joined. *Salloway*, 316 Mich App at 188. Defendant argues that given the opportunity, he would have pleaded guilty to the coney island shooting, which would have prevented evidence of that shooting from being admitted in a trial solely dealing with the Westphalia Street shooting. Defendant argues that without evidence of the coney island shooting, the jury could not have found him guilty beyond a reasonable doubt because there would be no evidence to suggest that the crimes were related, especially in the face of conflicting witness testimony and the failure of the prosecution to present a motive for the Westphalia Street shooting. However, this argument is also without merit. Even if the cases had

---

[4] This Court reviews for an abuse of discretion a trial court's determination regarding whether to consolidate cases. *People v Duranseau*, 221 Mich App 204, 208; 561 NW2d 111 (1997).

been severed, there was ample evidence implicating defendant as the shooter in the Westphalia shooting introduced at trial. Specifically, defendant's next door neighbor heard defendant's voice during the shooting, his friend Terrance Allen identified him as letting off a round of bullets when Wilson approached defendant's home, another neighbor saw defendant walking away from the shooting, and spent shell casings found at the scene of the Westphalia Street shooting were fired from a 9 mm semi-automatic handgun that had defendant's DNA on the trigger guard.

Next, defendant argues that trial counsel's failure to present evidence of defendant's vision problems precluded defendant from presenting a substantial defense at trial with respect to the Westphalia Street shooting.[5] Specifically, defendant contends that had trial counsel presented evidence of his visual impairment, it would have established that defendant was unable to aim and shoot a gun at Wilson. We disagree.

"Decisions regarding what evidence to present . . . are presumed to be matters of trial strategy." *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999) (citation omitted). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012) (citation omitted).

Defendant is simply unable to demonstrate that trial counsel's performance fell below an objective standard of reasonableness where trial counsel obviously exercised trial strategy in presenting another, more persuasive, defense. *Solloway*, 316 Mich App at 188. Notably, defendant's uncle testified that at the time of the shooting, defendant was absent from the Westphalia address because he was still at the liquor store, and therefore could not have shot Wilson. Accordingly, we are not persuaded that trial counsel's decision to employ this theory of defense, and to not pursue the issue of defendant's visual impairment, fell in any manner below an objective standard of reasonableness. *Id*.

Finally, defendant argues that he was denied the effective assistance of counsel when trial counsel failed to object to the prosecution's "mischaracterization" of evidence during closing argument. Again, we disagree.

At trial, Rebecca Smith, who works for the Michigan State Police in the Metro Detroit Firearm and Tool Marks division, testified that she received for analysis from the Detroit Police Department the 9 mm semi-automatic handgun recovered from the coney island, as well as six 9 mm Lugar caliber fired shell cartridges and a fired bullet. Smith first determined the handgun was operational, and then compared the shell cartridges recovered from Westphalia Street and the coney island to the cartridges from the test shots she had conducted on the handgun. Smith concluded that all of the cartridges "were identified as having been fired from" the same firearm, specifically, the 9 mm semi-automatic handgun recovered from the coney island. Smith could not determine whether the fired bullet recovered from Westphalia Street had been shot from that

---

[5] We observe that defendant has not presented medical evidence to this Court of his vision impairment as stated in his brief on appeal.

-4-

same handgun because there were not enough tool marks left on the bullet to allow for a solid identification.

We have closely reviewed the prosecution's closing argument, and disagree with defendant's contention that the prosecution mischaracterized Smith's trial testimony. The prosecution did correctly state, consistent with Smith's testimony, that all of the spent cartridge casings were determined to have been fired from the same 9 mm semi-automatic handgun recovered from the coney island shooting. Therefore, any objection by trial counsel to the prosecution's closing statement would have been futile, and declining to advance a futile objection does not constitute ineffective assistance of counsel. *Putman*, 309 Mich App at 245. Further, the trial court's instruction to the jury that the attorneys' statements were not evidence alleviated any potential prejudice to defendant, and we presume that the jury followed its instructions. See, e.g., *People v Fyda*, 288 Mich App 446, 465; 793 NW2d 712 (2010) (observing that (1) any alleged error on the part of the prosecution during closing argument was remedied where the trial court instructed the jury that "the lawyers' statements were not evidence[,]" and (2) the jury is presumed to follow its instructions). Accordingly, defendant's claims of ineffective assistance of counsel are without merit.[6]

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle

---

[6] To the extent that defendant claims in his brief on appeal that remand to the trial court for an evidentiary hearing is necessary for us to consider his claims of ineffective assistance of counsel, we conclude that no further "development of a factual record is required for appellate consideration of the issue." MCR 7.211(C)(1)(a)(*ii*).