*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 10, 2020

Plaintiff-Appellee,

v

No. 348465
Macomb Circuit Court

JOSHUA EDWARD RUTTY,

LC No. 2017-000709-FC

Defendant-Appellant.

Before: JANSEN, P.J., and K. F. KELLY and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b) (victim under 13 years of age, defendant 17 years of age or older), and two counts of second-degree criminal sexual conduct (CSC-II), MLC 750.520(c)(2)(b) (victim under 13 years of age, defendant 17 years of age or older). Defendant was sentenced to 30 to 50 years' imprisonment for each of the CSC-I convictions, 30 to 50 years' imprisonment for the first count of CSC-II, and 85 to 180 months' imprisonment for the second count of CSC-II. We affirm.

## I. FACTUAL BACKGROUND

This action arises from the sexual abuse of two victims, KS and JE. When the abuse occurred, defendant was dating JE's mother. Defendant and JE's mother lived together with defendant's parents and two of JE's half-siblings. JE lived with her father, but spent the weekends with her mother and defendant. Defendant sexually abused JE repeatedly when she was less than 12 years old via digital-vaginal penetration, penile-vaginal penetration, and nonpenetrative oral-vaginal contact.

When JE turned 12 years old, her mother and defendant hosted a birthday party for her at JE's aunt and uncle's house. Also attending the party was JE's cousin, KS, and various other relatives. KS was approximately five years old at the time. During the party, defendant found KS in the basement of the house. While they were in the basement, defendant picked KS up and touched her vagina. Defendant told KS he would kill himself if she told anyone he touched her.

-1-

Unbeknownst to defendant, JE had walked downstairs and saw him touching KS. Defendant left the basement and KS verified to JE that defendant touched her vagina.

After the birthday party, KS told her mother what defendant had done to her and JE. KS's mother contacted JE's father and told him defendant had sexually abused KS and JE. JE's father reported the sexual abuse to the police, and defendant was arrested and taken into police custody.

## II. SEVERANCE OF CHARGES

Defendant first argues he was denied a fair trial when the trial court denied his motion for severance of the charges against him. We disagree.

"Whether joinder is appropriate is a mixed question of fact and law." *People v Gaines*, 306 Mich App 289, 304; 856 NW2d 222 (2014). Questions of fact are reviewed for clear error, and questions of law are reviewed de novo. *Id*. "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v McDade*, 301 Mich App 343, 356; 836 NW2d 266 (2013). A trial court's decision on a motion for severance is reviewed for an abuse of discretion. *People v Girard*, 269 Mich App 15, 17; 709 NW2d 229 (2005). An abuse of the trial court's discretion "occurs when the trial court chooses an outcome that 'falls outside the range of principled outcomes.' " *People v March*, 499 Mich 389, 397; 886 NW2d 396 (2016) (citation omitted). The improper joinder of charges may be considered a constitutional violation if it results in the deprivation of a defendant's right to a fair trial. *People v Williams*, 483 Mich 226, 231; 769 NW2d 605 (2009).

Defendant was charged with two counts of CSC-I and one count of CSC-II in relation to the sexual abuse of JE, as well as one count of CSC-II in relation to the sexual abuse of KS. The charges against defendant were compiled on one felony information from the start of the case. Defendant filed a motion for severance in the trial court, which was denied after the trial court concluded there was no legal basis for severance of the charges.

MCR 6.120(B), which provides the criteria for joinder of charges, states:

(B) Postcharging Permissive Joinder or Severance. On its own initiative, the motion of a party, or the stipulation of all parties, except as provided in [MCR 6.120(C)], the court may join offenses charged in two or more informations or indictments against a single defendant, or sever offenses charged in a single information or indictment against a single defendant, when appropriate to promote fairness to the parties and a fair determination of the defendant's guilt or innocence of each offense.

(1) Joinder is appropriate if the offenses are related. For purposes of this rule, offenses are related if they are based on

(a) the same conduct or transaction, or

(b) a series of connected acts, or

(c) a series of acts constituting parts of a single scheme or plan.

(2)  Other relevant factors include the timeliness of the motion, the drain on the parties' resources, the potential for confusion or prejudice stemming from either the number of charges or the complexity or nature of the evidence, the potential for harassment, the convenience of witnesses, and the parties' readiness for trial.

Defendant contends the charges should not have been joined because they were not sufficiently related, observing the crimes he allegedly committed took place in different jurisdictions and involved two separate victims.  "To determine whether joinder is permissible, a trial court must first find the relevant facts and then must decide whether those facts constitute 'related' offenses for which joinder is appropriate." *Williams*, 483 Mich at 231.  With regard to the matter of jurisdiction, defendant is correct that the incidents occurred in different cities.  The incidents involving JE primarily occurred in Warren, Michigan, and the incident involving KS occurred in Roseville, Michigan.  However, such a distinction is of minor concern, since both cities are located in Macomb County, where the trial took place.  Thus, there is no cross-county jurisdictional issue to contend with herein, and defendant did not argue in the trial court that the Macomb Circuit Court lacked jurisdiction.

Of more pressing concern is whether severance should have been granted where defendant was charged on one felony information for separate incidents of sexual abuse involving KS and JE.  Given the lack of chronological or sequential commonality between the crimes against KS and JE, there is little evidence to support a finding that joinder was appropriate under MCR 6.120(B)(1)(a) or (b), but there is evidence to support a finding that joinder was appropriate under MCR 6.120(B)(1)(c) because defendant displayed a common scheme or plan by sexually abusing multiple young girls.  Under MCR 6.120(B)(1)(a), joinder is appropriate if the crimes involved the same conduct or transaction.  The crimes herein involved similar conduct, but did not take place in the same transaction; rather, they were isolated incidents, suggesting joinder was inappropriate under MCR 6.120(B)(1)(a).  Under MCR 6.120(B)(1)(b), joinder is appropriate if the crimes involved a series of connected acts.  Again, the crimes against JE and KS were not connected, and the individual incidents of sexual abuse were too isolated to justify joinder under MCR 6.120(B)(1)(b).

However, joinder was nevertheless appropriate under MCR 6.120(B)(1)(c), which allows for the joinder of charges where a series of acts constituted parts of a single plan.  Defendant's sexual abuse of KS and JE, although separate incidents, may be considered two parts of a larger scheme or plan to commit sexual abuse.  Further, our Supreme Court has stated, "[w]hen the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." *Williams*, 483 Mich at 237 (quotation marks and citation omitted).  There is a logical relationship between defendant's sexual abuse of JE and KS, and further, much of the evidence overlapped in this case, including witness testimony.  For example, JE testified about defendant's sexual abuse of KS, and KS testified about defendant's sexual abuse of JE; furthermore, JE's father testified he learned of the sexual abuse of KS and JE from KS's mother, who was in turn told by KS.  It would be difficult to separate the timelines and witness testimony such that there would be no overlap between descriptions of the relevant events.

Moreover, even if the two cases had been severed, the prosecution could have sought to introduce evidence from each separate case under MRE 404(b), which governs the admissibility of evidence of other acts.  Generally, joinder is permitted if the act of joining charges does not

"prejudice the defendant [any] more than he would have been by the admissibility of the other evidence in a separate trial." *Williams*, 483 Mich at 237 (quotation marks and citation omitted). Accordingly, joinder was appropriate under MCR 6.120(B)(1)(c).

Defendant also argues he was denied a fair trial because the joinder of charges was unfairly prejudicial. MCR 6.120(B)(2) gives the trial court permission to deny the joinder of charges on the basis of "the potential for confusion or prejudice." MCR 6.120(B)(2). However, the trial court ultimately has "discretion to [join or] sever related charges on grounds of unfair prejudice." *Girard*, 269 Mich App at 18. The joinder of the charges may have had the potential to prejudice defendant, to the extent that evidence from the separate incidents involving JE and KS might suggest defendant had a propensity for sexually abusing young girls. However, "all evidence is somewhat prejudicial to a defendant—it must be so to be relevant." *People v Magyar*, 250 Mich App 408, 416; 648 NW2d 215 (2002). There is no evidence the joinder of charges was outcome-determinative, and even if the trial court abused its discretion by failing to sever the charges, "misjoinder may be deemed harmless . . . if all or substantially all of the evidence of one offense would be admissible in a separate trial of the other." *Williams*, 483 Mich at 243 (quotation marks and citation omitted). As previously discussed, even if the charges had been severed, the prosecution could have sought the admission of evidence of the other sexual abuse in each separate trial under MRE 404(b). Overall, defendant has failed to show the joinder of charges prejudiced him such that he was denied a fair trial.

## III. EXCLUSION OF EVIDENCE

Defendant argues he was denied the right to a fair trial when the trial court granted the prosecution's motion in limine to exclude evidence JE had made allegations of sexual abuse against defendant's brother. Alternatively, defendant argues defense counsel was ineffective for failing to oppose the prosecution's motion in limine. We disagree.

With regard to the evidentiary issue presented herein, "[t]he decision whether to admit evidence falls within a trial court's discretion and will be reversed only when there is an abuse of that discretion." *People v Duncan*, 494 Mich 713, 722; 835 NW2d 399 (2013). An abuse of discretion occurs when the trial court "makes an error of law in the interpretation of a rule of evidence," *People v Jackson*, 498 Mich 246, 257; 869 NW2d 253 (2015), or where the trial court's decision "falls outside the range of reasonable and principled outcomes[.]" *People v Swain*, 288 Mich App 609, 628-629; 794 NW2d 92 (2010). Underlying questions of law are reviewed de novo. *People v Pattison*, 276 Mich App 613, 615; 741 NW2d 558 (2007).

With regard to the issue of ineffective assistance of counsel, in general, "[w]hether the defendant received the effective assistance of counsel guaranteed him under the United States and Michigan Constitutions is a mixed question of fact and law." *People v Ackley*, 497 Mich 381, 388; 870 NW2d 858 (2015). When examining a defendant's claim of ineffective assistance of counsel, "this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Dixon-Bey*, 321 Mich App 490, 515; 909 NW2d 458 (2017). However, defendant failed to properly preserve this portion of the issue by filing a motion for a

new trial or a *Ginther*[1] hearing in the trial court. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Since this portion of the issue is unpreserved, this Court's review is "limited to mistakes apparent on the record." *Id.*

The evidence at issue herein pertains to allegations of sexual abuse made by JE against defendant's brother. At the time of trial, defendant's brother had been charged with crimes related to JE's allegations, but his case had not been adjudicated. The prosecution asked the trial court to exclude evidence regarding the charges against defendant's brother under the rape-shield statute, MCL 750.520j. MCL 750.520j " 'bars, with two narrow exceptions, evidence of all sexual activity by the complainant not incident to the alleged rape.' " *People v Adair*, 452 Mich 473, 478; 550 NW2d 505 (1996) (quotation marks and citation omitted). Generally, "evidence of a rape victim's prior sexual conduct with others, and sexual reputation, when offered to prove that the conduct at issue was consensual or for general impeachment is inadmissible." *People v Hackett*, 421 Mich 338, 347–348; 365 NW2d 120 (1984). The two narrow exceptions in the statute that permit the admission of evidence of the complainant's sexual activity are: "(a) Evidence of the victim's past sexual conduct with the actor[, and] (b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease." MCL 750.520j(1).

The evidence that defendant's brother was accused of sexual abuse by JE does not fit into one of the narrow exceptions to the rape-shield statute. It does not pertain to evidence of JE's past sexual conduct with defendant, nor does it pertain to evidence of sexual activity that would show "the source or origin of semen, pregnancy, or disease." MCL 750.520j(1). Thus, the trial court properly excluded the evidence in accordance with the rape-shield statute.

In some situations, evidence a complainant made sexual abuse allegations against another person in the past may be relevant and admissible if said allegations were false. *Hackett*, 421 Mich at 348. As this Court has explained:

> [F]alse accusations are relevant in subsequent prosecutions based upon the victim's accusations because the fact that the victim has made prior false accusations of rape directly bears on the victim's credibility and the credibility of the victim's accusations in the subsequent case, and preclusion of such evidence would unconstitutionally abridge the defendant's right to confrontation. [*People v Williams,* 191 Mich App 269, 272; 477 NW2d 877 (1991).]

Other scenarios in which such evidence may be admissible include situations where a defendant proffers evidence to show the source of a victim's age-inappropriate sexual knowledge. *People v Morse*, 231 Mich App 424, 436; 586 NW2d 555 (1998).

However, evidence defendant's brother was accused of sexual abuse by JE does not fit into these categories. First, defendant presents no evidence the allegations JE made against his brother were false, nor could he have done so at the time of trial, since his brother had not yet been convicted of a crime. Second, no evidence was produced to show JE possessed inappropriate sexual knowledge, or knowledge beyond that of an ordinary a 14-year-old girl. Instead, defendant

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-5-

argues the evidence was relevant to show JE knew how to report sexual abuse, since she had done so in the past, thus calling into question her reasons for failing to immediately report defendant's sexually abusive behavior. However, admitting evidence for such purposes would not be permitted under the rape-shield statute, and does not tend to show JE's accusations against defendant or his brother were false. Thus, defendant cannot show the trial court erred by granting the prosecution's motion in limine to exclude the evidence.

Defendant next argues, in the alternative, defense counsel was ineffective for failing to oppose the prosecution's motion in limine. To establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Defense counsel is presumed to be effective, *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007), and defendant must be able to "overcome a strong presumption that counsel's performance constituted sound trial strategy," *People v Riley*, 468 Mich 135, 140; 659 NW2d 611 (2003).

The decision to object or to move for the exclusion of evidence is considered a matter of trial strategy. *People v Unger*, 278 Mich App 210, 253; 749 NW2d 272 (2008). Contrary to defendant's assertion that defense counsel failed to object to the motion in limine, the record indicates defense counsel did attempt to object to the motion and the trial court's decision to exclude evidence of the allegations JE made against defendant's brother. Defense counsel asserted the evidence should be admitted because its substance was "not about [JE's] sexual activity," but was instead "about allegations that she's made against third parties." Thus, defendant's argument that defense counsel failed to object to the exclusion of the evidence is incorrect. The fact that defense counsel's objection was unsuccessful does not mean defendant was denied the effective assistance of counsel, and there is no evidence defense counsel's performance fell below an objective standard of reasonableness. *People v Petri*, 279 Mich App 407, 412-413; 760 NW2d 882 (2008).

Defendant argues that the trial court afforded defendant the opportunity to make a more specific objection, but defense counsel failed to do so. During the trial court's discussion of the prosecutor's motion in limine, the trial court told defendant, "if you can tell me a specific reason . . . why [the evidence] is relevant and why it gets around Rape Shield, then I'll listen to that argument, but at this time I am not going to allow it." The trial court did not give defense counsel a further opportunity to discuss the motion in limine before denying it. However, since the trial court did not err by introducing the evidence, an objection to the introduction of the evidence would have been futile. Defense counsel is not obligated to make futile objections. *People v Putman*, 309 Mich App 240, 245; 870 NW2d 593 (2015), lv den 498 Mich 873 (2015). Thus, defendant was not obligated to further object to the exclusion of the evidence. Additionally, defense counsel's decision not to object may have been a strategic move designed to avoid drawing attention to damaging evidence. See *Unger*, 278 Mich App at 242 (stating that declining to raise objections can be consistent with sound trial strategy). Furthermore, even if defense counsel erred by failing to further object to the trial court's exclusion of the evidence at issue, defendant has not presented any evidence to establish that a reasonable likelihood exists that the outcome of the case would have been different if the evidence had been admitted. *People v Vaughn*, 491 Mich 642,

671; 821 NW2d 288 (2012). Thus, defendant cannot show he was denied the effective assistance of counsel.

## IV. PROSECUTORIAL MISCONDUCT

Defendant argues the prosecutor committed prosecutorial misconduct by eliciting testimony regarding KS's credibility and by vouching for the credibility of KS and JE during closing argument. Alternatively, defendant argues defense counsel was ineffective for failing to object to the prosecutor's statements during closing argument. We disagree.

Generally, "[i]ssues of prosecutorial misconduct are reviewed de novo to determine whether the defendant was denied a fair and impartial trial." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). However, to preserve a claim of prosecutorial misconduct, a defendant is required to make a contemporaneous objection that raises the issue of prosecutorial misconduct, and must also request a curative instruction. Defendant did not object to the prosecutor's closing argument on the basis of prosecutorial misconduct. Thus, the issue is unpreserved, and this Court's review is for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 752-753; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id.* at 763. The third aspect "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.* Reversal will only be warranted where the plain error leads to "the conviction of an actually innocent defendant," or where an error affects the "fairness, integrity, or public reputation" of the judicial proceeding. *Id.* at 763-764. Defendant's ineffective assistance of counsel issue is also unpreserved, and thus, this Court's review is "limited to mistakes apparent on the record." *Payne*, 285 Mich App at 188.

Defendant argues the prosecutor committed misconduct by eliciting testimony regarding KS's credibility and by vouching for the credibility of KS and JE during closing argument. Alternatively, defendant argues defense counsel was ineffective for failing to object to the prosecutor's statements during closing argument. We disagree.

"[T]he test of prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). A defendant's right to a fair trial "can be jeopardized when the prosecutor interjects issues broader than the defendant's guilt or innocence." *Id.* at 63-64. "To determine if a prosecutor's comments were improper, we evaluate the prosecutor's remarks in context, in light of defense counsel's arguments and the relationship of these comments to the admitted evidence." *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009).

Defendant first contends the prosecutor erred by eliciting testimony regarding KS's credibility and character for truthfulness. As an initial matter, this Court notes defendant failed to present this issue in his statement of the issues presented on appeal. Accordingly, this argument is not properly presented for this Court's review. MCR 7.212(C)(5); *Unger*, 278 Mich App at 262. Since the issue is not properly before this Court, this Court need not address it. Regardless, defendant's argument lacks merit. Even if this Court were to conclude the testimony was the result of prosecutorial misconduct, "[n]o error requiring reversal will be found if the prejudicial effect of

the prosecutor's comments could have been cured by a timely instruction." *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001). The trial court instructed the jury that "[t]he lawyers' questions to the witnesses . . . are [] not . . . evidence." Any prejudicial effect of the prosecutor's statements or questions was cured by the inclusion of this instruction.

Defendant next argues the prosecutor committed prosecutorial misconduct by vouching for the credibility of KS and JE during closing argument. Defendant challenges the following portions of the prosecutor's closing argument:

> Those two little girls had absolutely nothing to gain from this testimony. They have absolutely no motivation to lie here.

> \* \* \*

> [O]ne of your jobs as the jury is . . . to weigh and assess the credibility of the witnesses that have taken the stand. So let's talk a little bit about [JE]. [JE] doesn't have any reason to lie in this case, and you can't really argue that she did this for attention because she didn't tell anyone.

> \* \* \*

> The other thing that [defense counsel] has not addressed is . . . their motivation to lie. Why would these girls go the lengths that they have gone to to testify . . . to come before you 12 strangers and reiterate this story consistently over the course of—of the past? Why would they do that? [Defense counsel] hasn't given you a reason.

A prosecutor may not "vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness' truthfulness." *People v Bahoda*, 448 Mich 261, 276; 531 NW2d 659 (1995). However, it is not considered prosecutorial misconduct for a prosecutor to comment "on his own witnesses' credibility during closing argument especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004).

When viewed in context, there is no evidence the prosecutor implied she had any special knowledge about KS's and JE's truthfulness. Instead, the prosecutor was merely commenting on the general credibility and truthfulness of her witnesses, which was not improper under the circumstances, where the prosecutor's case primarily relied on witness testimony. Moreover, any prejudice caused by the prosecutor's remarks was alleviated by a curative instruction. See *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001) (stating that "[n]o error requiring reversal will be found if the prejudicial effect of the prosecutor's comments could have been cured by a timely instruction."). The trial court instructed the jury, "[t]he lawyers' questions to the witnesses . . . are [] not . . . evidence." Accordingly, any prejudicial effect of the prosecutor's closing statement was cured by the inclusion of the instruction, and defendant has failed to show the prosecutor committed prosecutorial misconduct such that he was deprived of a fair trial.

Defendant also briefly argues defense counsel was ineffective for failing to object to the prosecutor's questions regarding KS's inability to lie and closing statements regarding JE's and KS's credibility. Defendant first argues defense counsel erred by failing to object to the prosecutor's elicitation of testimony from KS's mother regarding KS's inability to lie, and contends such testimony was inadmissible under MRE 608 because KS's credibility had not been previously attacked. As previously discussed, defendant did not raise any questions regarding witness testimony in his statement of the issues on appeal, nor did he raise the question whether defense counsel was ineffective for failing to object. Since the issue has not been properly presented for review, this Court need not address it at length. *Unger*, 278 Mich App at 262.

Additionally, as with defendant's earlier argument regarding whether the prosecutor erred by eliciting the challenged testimony, the present argument cannot succeed, regardless of whether it was properly presented for review. The prosecutor never directly asked KS's mother whether KS was a truthful person, or whether KS had the ability to lie. Instead, KS's mother raised the issue of her own volition while explaining how she discovered KS had been sexually abused by defendant. There is little evidence an objection was warranted, and further, little evidence an objection would have been successful. "Defense counsel is "not ineffective for failing to raise meritless or futile objections." *Putman*, 309 Mich App at 245. Accordingly, defense counsel was not ineffective for failing to object to this testimony. Additionally, defense counsel's decision not to object may have been a strategic move designed to draw attention away from damaging testimony. See *Unger*, 278 Mich App at 242 (stating that failing to raise an objection can be consistent with sound trial strategy). Moreover, defendant has presented no evidence he was prejudiced by defense counsel's failure to object to the testimony of KS's mother, or evidence showing the outcome of the case would have been different if defense counsel had objected. Consequently, defendant has not shown he was deprived of the effective assistance of counsel in this matter.

Defendant also argues he was denied the effective assistance of counsel when defense counsel failed to object to the prosecutor's comments regarding KS's and JE's credibility during closing argument. However, as previously discussed, the prosecution did not commit prosecutorial misconduct by commenting on the credibility of her witnesses during closing argument, particularly where the prosecutor's case rested almost entirely on the jury's perception of witness testimony. Since the prosecutor did not commit misconduct, defense counsel was not required to object. *Dobek*, 274 Mich App at 64; see also *Putman*, 309 Mich App at 245 (stating that "[d]efense counsel is "not ineffective for failing to raise meritless or futile objections."). Further, defendant has not shown he was prejudiced by defense counsel's failure to object to the prosecutor's closing argument. Accordingly, defendant was not deprived of the effective assistance of counsel.

Affirmed.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron