## PEOPLE v McCUNE

Docket No. 66423. Submitted January 6, 1983, at Grand Rapids.—
Decided April 20, 1983.

James McCune was charged with 12 felonies arising out of five
separate incidents at four locations over a five-month period.
The Kent Circuit Court, George R. Cook, J., granted the defen-
dant's motion to consolidate five separate informations filed
against McCune for a single trial. The people appealed by leave
granted. *Held:*

The offenses for which the defendant is charged are "related"
for purposes of the American Bar Association Standards and
are subject to the trial court's discretionary power to join. The
trial court properly exercised its discretion in joining for a
single trial. There is no indication that the prosecuting attor-
ney's office does not have sufficient evidence to warrant trying
all of the charged offenses at the same time. Further, although
the evidence would be substantial, the offenses charged and the
evidence as to each are not particularly complex so that the
trier of fact should easily be able to distinguish the evidence
and apply the law intelligently as to each offense.

Affirmed and remanded.

1. CRIMINAL LAW — CONSOLIDATION OF CASES.

The critical determination as to the propriety of consolidating
offenses for a single trial is whether the offenses for which the
defendant is charged are "related" or "unrelated" offenses; two
or more offenses are related if they are based upon the same
conduct, upon a single criminal episode, or upon a common
plan.

2. CRIMINAL LAW — CONSOLIDATION OF CASES.

Criminal offenses are related as part of a common plan for
purposes of consolidation for trial where the objective of each
individual offense was to contribute to the achievement of a
goal not attainable by the commission of any of the individual
offenses; offenses may be considered as arising from a common

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 41 Am Jur 2d, Indictments and Informations § 221 *et seq.*

plan based upon the theory of either the prosecution or the defense.

3. CRIMINAL LAW — CONSOLIDATION OF CASES.

A trial judge has discretion to consolidate cases where there are charges involving related offenses against a defendant but he need not do so even if the offenses are part of a common plan; in determining whether to consolidate or sever the cases the trial jduge should consider whether (1) the prosecuting attorney does not have sufficient evidence to warrant trying some of the offenses at that time, (2) the trier of fact would be able to distinguish the evidence and apply the law intelligently as to each offense if the offenses were consolidated or (3) the ends of justice would be defeated if the cases were consolidated.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *David H. Sawyer*, Prosecuting Attorney, *Carol S. Irons*, Chief Appellate Attorney, and *Timothy K. McMorrow*, Assistant Prosecuting Attorney, for the people.

*Mohney, Goodrich & Titta, P.C.* (by *Bruce W. Neckers*), for defendant.

Before: MacKENZIE, P.J., and R. B. BURNS and E. A. QUINNELL,* JJ.

E. A. QUINNELL, J. Defendant is charged with 12 felonies arising out of five separately alleged conspiracies and robberies or breakings and enterings. The cases are pending in the Kent County Circuit Court on five separate informations. Over the objection of the prosecution, the circuit court granted the defendant's motion to consolidate the five informations for a single trial. The propriety of the consolidation order is before this Court on the prosecutor's appeal by leave granted.

The prosecution claims that consolidation was improvidently ordered because the cases involve

---

* Circuit judge, sitting on the Court of Appeals by assignment.

five separate incidents at four separate locations over a time span of nearly five months.

The defendant claims that he had worked for several years as an undercover agent for the Grand Rapids Police Department Vice Squad and was employed during the time involved as a police officer in the Grand Rapids City Parks Department. He claims that, to the extent that he was involved in the robberies of certain drug houses (places where illicit drugs are sold), he was acting as an undercover agent to gain additional information regarding drug activity, which he dutifully turned over to the Deputy Chief of the Grand Rapids Police Department. He denies any criminal intent with regard to his participation in the offenses charged and claims that such participation was part of a common scheme or plan to generate additional information for the benefit of the Grand Rapids Police Department.

Determining the propriety of consolidation in the case at bar requires a two-step analysis. We must first determine whether the offenses involved are of a type subject to the trial court's discretionary power to consolidate, and, if so, we must then decide whether the court properly exercised its discretion under all of the facts and circumstances of this case.

Resolution of the initial inquiry requires reference to the American Bar Association Standards for Criminal Justice (2d ed), Joinder and Severance, as approved by the House of Delegates in 1978. See *People v Tobey,* 401 Mich 141; 257 NW2d 537 (1977), in which the Court addressed the far more usual situation involving a defendant's objection to joinder and referred to the first edition of the ABA Standards.

Under the current ABA Standards, the critical

determination as to the propriety of joining offenses for trial is whether the offenses charged are to be considered as "related" or "unrelated" offenses. Standard 13-1.2 defines related offenses as follows:

"Two or more offenses are related offenses if they are based upon the same conduct, upon a single criminal episode, or upon a common plan."

In a paradigm of definitional economy, Standard 13-1.3 defines unrelated offenses as follows:

"Unrelated offenses are any offenses which are not 'related' offenses."

It is apparent that the charges against this defendant are not based upon "the same conduct", nor "upon a single criminal episode". The real question, therefore, is whether the offenses are based "upon a common plan". The commentary to Standard 13-1.2 recognizes the difficulties involved in applying the definition to any given fact situation. It provides in pertinent part:

"Common plan offenses are the most troublesome class of related offenses. These offenses involve neither common conduct nor interrelated proof. Instead, the relationship among offenses (which can be physically and temporally remote) is dependent upon the existence of a plan that ties the offenses together and demonstrates that the objective of each offense was to contribute to the achievement of a goal not attainable by the commission of any of the individual offenses. A typical example of common plan offenses is a series of separate offenses that are committed pursuant to a conspiracy among two or more defendants. Common plan offenses may also be committed by a defendant acting alone who commits two or more offenses in order to achieve a unified goal." (Footnotes omitted.)

The vast majority of cases involving joinder and severance questions involve instances in which offenses have been joined because of the prosecution's assertion that they were part of a common plan, to which the defendant objects. It is usually in the prosecution's interest to show substantial criminal activity by a defendant, and it is usually in the defendant's interest to restrict such proofs. This case is unusual in that the defendant is the one asserting the theory and claim that his conduct was part of a common plan. We conclude that offenses may be determined to be related, as arising from a common plan, based upon the theory of either the prosecution or the defense. This conclusion finds support in Standard 13-2.1, which reads in pertinent part:

"Any two or more offenses committed by the same defendant:

\* \* \*

"(b) may be joined for trial, upon the application of the prosecuting attorney or the defense."

We therefore find that the offenses in this case are "related" under the ABA Standards and are subject to the trial court's discretionary power to join.

Turning next to an evaluation of the trial judge's exercise of discretion, we note that the wording of Standard 13-2.1(b), *supra,* as well as the standards cited below, clearly indicate that a trial judge has discretion to join related offenses but need not do so even if the offenses are a part of a common plan. Factors which should be considered by the trial court are set forth in Standard 13-2.3(a):

"When a defendant has been charged with two or

more related offenses which are within the jurisdiction
of the same court, a timely defense motion to join the
offenses for trial should be granted unless the court
determines that, because the prosecuting attorney does
not have sufficient evidence to warrant trying some of
the offenses at that time, or for some other reason, the
ends of justice would be defeated if the motion were
granted in whole or in part."

and Standard 13-3.1:

"(b) The court, on the application of either the prose-
cuting attorney or the defendant, should grant a sever-
ance of related offenses:
"(i) before trial, whenever severance is deemed appro-
priate to promote a fair determination of the defen-
dant's guilt or innocence of each offense; * * *.
"(c) When evaluating whether severance is 'appropri-
ate to promote' or 'necessary to achieve' a fair determi-
nation of the defendant's guilt or innocence for each
offense, the court should consider among other factors
whether, in view of the number of offenses charged and
the complexity of the evidence to be offered, the trier of
fact will be able to distinguish the evidence and apply
the law intelligently as to each offense."

We conclude that the trial court properly exer-
cised its discretion in joining these offenses. There
is no indication that the prosecuting attorney's
office does not have sufficient evidence to warrant
trying all of the offenses at the same time. Indeed,
the prosecutor objects to joinder in part because of
the number of witnesses who would have to be
called. It appears that there would be at least 1
witness who would be common to all trials, 2
witnesses who would be common to three trials, 6
witnesses who would be common to two trials, and
some 21 witnesses who would be appearing at only
one of the trials if the matters were tried sepa-
rately. Further, although the evidence would be

substantial, the offenses charged and the evidence as to each are not particularly complex, so that the trier of fact should easily be able to distinguish the evidence and apply the law intelligently as to each offense. This conclusion is particularly true in view of the anticipated defense. On brief, defense counsel claims that several witnesses will be necessary to establish the "undercover" defense to be asserted by the defendant. If multiple trials were to be held the presentation of such evidence would necessarily involve considerable inconvenience to the witnesses and the consuming of a substantial amount of court time.

Affirmed and remanded for further proceedings.