PEOPLE v GIRARD

Docket No. 255452. Submitted September 14, 2005, at Lansing. Decided
    September 22, 2005. Approved for publication November 22, 2005,
    at 9:00 a.m.

Richard L. Girard was convicted by a jury in the Crawford Circuit
    Court, Dennis F. Murphy, J., of five counts of first-degree criminal
    sexual conduct (CSC I) and three counts of possession of child
    sexually abusive material. The defendant appealed, claiming that
    the trial court erred in denying his motion to sever the criminal
    sexual conduct charges from the possession charges, in admitting
    images that witnesses identified as being similar to images they
    had seen on the defendant's computer, and in failing to require the
    prosecution to sufficiently demonstrate that the defendant know-
    ingly possessed images of real children under the age of 18.

The Court of Appeals held:

1. The trial court did not err in denying the defendant's motion
to sever the CSC I charges from the charges of possession for the
purpose of trial. MCR 6.120(B) provides that, on the defendant's
motion, the trial court must sever unrelated offenses for separate
trials. Two or more offenses are related offenses if they are based
on the same conduct, on a single criminal episode, or on a common
plan. There was testimony in this case that the defendant looked
at images of child sexually abusive material on his computer while
molesting his stepdaughter, so that use of the proscribed material
was admissible as part of the res gestae of the CSC I crimes. MCR
6.120(C) provides for severance to avoid unfair prejudice, but the
defendant cannot establish that a different outcome was likely if
the charges had been severed and separate trials held because the
defendant's possession of child sexually abusive material would
have been admissible at a separate trial on the CSC I charges.

2. Because the defendant failed to object at trial to the admis-
sion of images identified by witnesses as being similar to the
images they had seen on the defendant's computer as being
violative of the requirement under MRE 1002 to produce the
original images, on appeal he must show that the circuit court
committed a plain error that affected his substantial rights. The

complainant testified that the defendant looked at similar sexually explicit images, including pictures of nude children, while engaged in sexual acts with her, making the pictures collateral res gestae evidence relating to the CSC I charges that are admissible under MRE 1004(4) without the originals. The images that were admitted also supported the knowing possession element of the offense of possession of child sexually abusive material. The defendant has not shown a plain error affecting his substantial rights.

3. There was sufficient evidence for the defendant's conviction of possession of child sexually abusive material. The images themselves provided evidence of the ages of the persons depicted, allowing the jury to determine that the defendant should reasonably have been expected to know that the images were of real persons under the age of 18, as required by MCL 750.145c(4). The prosecution does not have the burden of coming forth with direct evidence to counter unsupported speculation that the images on a computer are not of real children. Juries are capable of distinguishing real and virtual images.

Affirmed.

CRIMINAL LAW — POSSESSION OF CHILD SEXUALLY ABUSIVE MATERIAL — EVIDENCE — COMPUTER IMAGES OF CHILDREN.

In the absence of expert witness testimony, computer images presented to the jury may provide evidence of the ages of the persons depicted, allowing the jury to determine that the defendant should reasonably have been expected to know that the images were of real children under the age of 18, and not virtual images; the prosecution does not have the burden of coming forth with direct evidence to counter unsupported speculation that the images on a computer are not of real children because juries are capable of distinguishing between real and virtual images.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *John B. Huss*, Prosecuting Attorney, and *Eric Restuccia*, Assistant Attorney General, for the people.

*Nieuwenhuis Law Offices, P.C.* (by *Helen C. Nieuwenhuis*), for the defendant.

Before: SAWYER, P.J., and TALBOT and BORRELLO, JJ.

PER CURIAM. Defendant appeals as of right his jury trial convictions of five counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b, and three counts of possession of child sexually abusive material, MCL 750.145c(4). Defendant was sentenced to concurrent terms of 17½ to 40 years of imprisonment for each count of CSC I and one year for each count of possession of child sexually abusive material. We affirm.

Defendant argues that the trial court abused its discretion in denying his motion to sever the CSC I charges from the charges of possession of child sexually abusive material. We disagree. MCR 6.120(B) provides that "[o]n the defendant's motion, the court must sever unrelated offenses for separate trials." Whether defendant's charges are related is a question of law that we review de novo. *People v Tobey,* 401 Mich 141, 153; 257 NW2d 537 (1977). The court's ultimate ruling on a motion to sever is reviewed for an abuse of discretion. *People v Duranseau,* 221 Mich App 204, 208; 561 NW2d 111 (1997).

The staff comment to MCR 6.120 notes that "[t]he standard in subrule (B) . . . is derived from ABA Standard 13-1.2, and a predecessor standard, ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Joinder and Severance (Approved Draft, 1968), Standard 1.1." Standard 13-1.2 defines related offenses as follows: " 'Two or more offenses are related offenses if they are based upon the same conduct, upon a single criminal episode, or upon a common plan.' " *People v McCune,* 125 Mich App 100, 103; 336 NW2d 11 (1983), quoting ABA Standard 13-1.2. Standard 1.1 provides:

> "Two or more offenses may be joined in one charge . . . when the offenses . . . :

(a) are of the same or similar character, even if not part of a single scheme or plan; or

(b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." [*Tobey, supra* at 150 n 13, quoting Standard 1.1.]

The complainant, who is defendant's stepdaughter, and defendant's wife testified at trial that defendant looked at sexual images on his computer, including images of children, while engaging in sexual acts with them. The testimony implied that defendant used child pornography for stimulation before and during his sexual abuse of the complainant, and, thus, the use of child pornography was part of his modus operandi. Furthermore, a prosecution expert testified that the pictures used as exhibits at the trial were viewed on defendant's computer within the same time frame that defendant was molesting the complainant. Thus, the circumstances in the case at bar clearly fall within the plain language of MCR 6.120(B). Moreover, evidence regarding defendant's habit of viewing child pornography was part of the res gestae of the CSC I crimes. Accordingly, we conclude that the trial court did not err in refusing to sever the charges.

Defendant also argues that the charges should have been severed under MCR 6.120(C), which gives the court discretion to sever related charges on grounds of unfair prejudice. However, because the evidence regarding defendant's possession of child sexually abusive material would have been admissible at a separate trial on the CSC I charges for the reasons just discussed, defendant cannot establish that a different outcome was likely had the charges been severed and separate trials held. See, e.g., *People v Delgado*, 404 Mich 76, 83; 273 NW2d 395 (1978) (" 'Evidence of other criminal acts is admissible when so blended or connected with

the crime of which defendant is accused that proof of one incidentally involves the other or explains the circumstances of the crime.' " [Citation deleted.]). For this same reason, we reject defendant's unpreserved assertion that joinder of the charges effectively violated MRE 404(b). See, e.g., *Delgado, supra* at 83 ("When such is the case and the antecedent event incidentally involves the commission of another crime, the principle that the jury is entitled to hear the 'complete story' ordinarily supports the admission of such evidence.").

Defendant also argues that the admission of the images at issue violated MRE 1002 (requirement of original) because they were only identified by witnesses as being similar to the images they had seen on defendant's computer. Again, we disagree. Because defendant failed to object to the admission of the images on best evidence grounds, this issue is unpreserved. *People v Griffin*, 235 Mich App 27, 44; 597 NW2d 176 (1999). To prevail in a claim of unpreserved nonconstitutional error, "[t]he defendant must show a plain error that affected substantial rights. The reviewing court should reverse only when the defendant is actually innocent or the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999).

MRE 1002 provides:

> To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute.

MRE 1004 provides:

> The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if—

(1) *Originals Lost or Destroyed.* All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or

(2) *Original Not Obtainable.* No original can be obtained by any available judicial process or procedure; or

(3) *Original in Possession of Opponent.* At a time when an original was under the control of the party against whom offered, that party was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and that party does not produce the original at the hearing; or

(4) *Collateral Matters.* The writing, recording, or photograph is not closely related to a controlling issue.

The complainant testified that defendant looked at sexually explicit images on his computer, including pictures of nude children, before or while engaged in sexual acts with her. This testimony was res gestae evidence used to describe the circumstances surrounding the sexual assaults. Thus, insofar as the CSC I charges were concerned, the evidence of child pornography found on defendant's computer was a collateral matter and was not related to a controlling issue. Therefore, under MRE 1004 the original pictures were not required, and other evidence, including photographs that witnesses testified were similar, could be used to establish the circumstances surrounding the crime.

The photographs were also used as evidence to prove the *knowing possession* element of MCL 750.145c. As discussed below, the prosecution had to show more than just the presence of child sexually abusive material in a temporary Internet file or a computer recycle bin to prove that defendant knowingly possessed the material. This element was established by the testimony of a friend of defendant's that defendant had sent him pictures of nude children similar to those exhibited at the trial. Because of the large volume of images stored on

defendant's hard drive and because the friend's computer was not searched, it was impossible for the prosecution to determine which images had been sent to the friend.

Defendant also argues that there was insufficient evidence for conviction under MCL 750.145c because the prosecutor failed to prove beyond a reasonable doubt that the images were of "real" children under the age of 18. We disagree. We review de novo claims regarding the sufficiency of the evidence. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). "[W]hen determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). Evidentiary conflicts are resolved in favor of the prosecution. *Wolfe, supra* at 515.

We note that, at the time defendant committed the charged offenses, MCL 750.145c(4)[1] provided:

> A person who knowingly possesses any child sexually abusive material is guilty of a misdemeanor punishable by imprisonment for not more than 1 year, or a fine of not more than $10,000.00, or both, if that person knows, has reason to know, or should reasonably be expected to know the child is a child, or that person has not taken reasonable precautions to determine the age of the child.

---

[1] MCL 750.145c was amended in 2002. 2002 PA 629. Unless otherwise noted, all citations to MCL 750.145c are to this previous version of the statute.

"Child sexually abusive material" was defined by MCL 750.145c(1)(i) to include "a developed or undeveloped photograph, film, slide, electronic visual image, computer diskette, or sound recording of a child engaging in a listed sexual act . . . ." In this case, the "listed sexual act" was "erotic nudity," defined as "the lascivious exhibition of the genital, pubic, or rectal area of any person." MCL 750.145c(1)(d).

Defendant argues that the prosecutor failed to establish that the persons in the photographs were children under the age of 18 because plaintiff's expert did not testify about the ages of the children in the images. MCL 750.145c(5) provided that "[e]xpert testimony as to the age of the child used in a child sexually abusive material . . . is admissible as evidence in court and may be a legitimate basis for determining age, if age is not otherwise proven." The plain language of this subsection indicates that expert testimony is not required to establish the age of the children in the images. Rather, it provides that such testimony is permissible "if age is not otherwise proven." In the case at hand, the images themselves provided evidence of the ages of the persons depicted. *State v May*, 362 NJ Super 572, 594; 829 A2d 1106 (2003) (observing that the images admitted at trial were, themselves, evidence of the ages of the persons depicted). Moreover, MCL 750.145c(4) proscribed the possession of images that the possessor "knows, has reason to know, or should reasonably be expected to know" are of a person less than 18 years old. Given the images presented at trial, a jury could determine that defendant "should reasonably be expected to know" that the images were of persons under 18.

We also reject defendant's argument that the prosecution failed to prove that he "knowingly possessed"

child pornography because the prosecution's expert testified that the images were contained in either a temporary Internet file or in a deleted file, not readily accessible to the user. We need not address whether the mere presence of a document or image in a temporary Internet file or in the computer recycle bin would be sufficient to prove knowing possession beyond a reasonable doubt because the evidence adduced below, viewed in a light most favorable to the prosecution, showed that defendant's possession reached beyond such circumstances. Defendant's wife and the complainant testified that they had seen defendant looking at images of adolescents on his computer screen for extended periods, including during the course of engaging in sexual acts. Furthermore, defendant's friend testified that defendant had e-mailed pictures of nude children to him.

Finally, defendant argues that the prosecutor failed to prove that the pictures found on his computer were of actual children and were not virtual or computer-generated images. The version of the statute under which defendant was charged did not address the situation of computer-generated child pornography. Indeed, MCL 750.145c(1)(a) provided, " 'Child' means a person who is less than 18 years of age and is not emancipated by operation of law . . . ." There is no indication in the statute that "person" means anything but its ordinary meaning, i.e., a living human being.

We do not believe that the prosecution has the burden to come forth with direct evidence to counter unsupported speculation that images on a computer are not of real children. See *United States v Farrelly*, 389 F3d 649, 653 (CA 6, 2004). As with the ages of the persons depicted, the images themselves are evidence that the persons depicted are real. See *United States v*

*Kimler*, 335 F3d 1132, 1142 (CA 10, 2003) (observing that "[j]uries are still capable of distinguishing between real and virtual images").

Affirmed.