CORRIGAN, J.
oconcurring). I write separately to explain that I would also address the second issue on which this Court granted leave to appeal: whether the presence of temporary Internet files containing depictions of child sexually abusive material may amount to “knowing possession” of child sexually abusive material or may be circumstantial evidence that the defendant knowingly possessed such material in the past.[1] I acknowledge that the issue is not decisive in either of these consolidated cases. However, I offer my analysis because our courts will continue grappling with this emerging issue as long as the Internet remains the child pornographer’s medium of choice. Accordingly, I would hold that the presence of temporary Internet files containing depictions of child sexually abusive material may constitute circumstantial evidence that such material previously was displayed on the defendant’s computer screen.
The parties posit straightforward arguments regarding the evidentiary value of temporary Internet files containing depictions of child sexually abusive material on a computer hard drive. Defendants assert that the presence of child sexually abusive material in temporary Internet files cannot establish sufficient evidence of knowing possession. According to defendants, the prosecutor must show “something more” to establish knowing possession. Defendants contend that the ne *24 cessity of “something more” is consistent with the Court of Appeals decision in People v Girard, 269 Mich App 15; 709 NW2d 229 (2005). The prosecutor responds that the presence of child sexually abusive material in temporary Internet files can establish knowing possession if the defendant has actual knowledge that the depictions are stored in this manner. Alternatively, the prosecutor asserts that depictions in temporary Internet files are circumstantial evidence that a person previously viewed child sexually abusive material on his computer.
I agree with defendants and the prosecutor that the mere presence of child sexually abusive material in temporary Internet files is not conclusive evidence of knowing possession unless other direct or circumstantial evidence establishes that the defendant knowingly had the power and the intention to exercise dominion or control at a given time over the depictions stored in temporary Internet files. However, I discern no cogent reason to bar or disregard proof of the presence of temporary Internet files containing child sexually abusive material on a computer hard drive. It is one potential source of relevant circumstantial evidence that the defendant knowingly possessed such material in the past.
To establish a violation of MCL 750.145c(4), a prosecutor must prove that a defendant knowingly possessed child sexually abusive material beyond a reasonable doubt. “Possession may be proven by circumstantial as well as direct evidence.” People v Hill, 433 Mich 464, 469; 446 NW2d 140 (1989). “The question of possession is factual and is to be answered by the jury.” Id. Ordinarily, “circumstantial evidence and reasonable inferences may be sufficient to prove the elements of a crime.” People v Tanner, 469 Mich 437, 444 n 6; 671 NW2d 728 (2003). “It *25 is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences.” People v Hardiman, 466 Mich 417, 428; 646 NW2d 158 (2002). Insofar as defendants argue that the presence of temporary Internet files is not persuasive evidence of knowing possession without “something more,” defendants mistakenly conflate the weight to be assigned such evidence with its relevance. If the presence of temporary Internet files containing child sexually abusive material is “relevant evidence,”[2] the finder of fact should be able to consider it in determining whether the prosecutor established the knowing possession of child sexually abusive material.[3] Defendants are free to dispute whether the evidence is reliable or whether the contraband depictions were, in fact, knowingly possessed. My analysis does nothing to diminish the prosecutor’s burden to prove the case beyond a reasonable doubt. Therefore, I would hold that the presence of child sexually abusive material in temporary Internet files may constitute circumstantial evidence that a defendant knowingly possessed the “electronic visual image” or “computer image” displayed on his computer screen in violation of MCL 750.145c(4).
Additionally, I would conclude that defendants overstate the import of the Court of Appeals decision in Girard. It is true that Girard stated that “[a]s discussed below, the prosecution had to show more than just the *26 presence of child sexually abusive material in a temporary Internet file or a computer recycle bin to prove that defendant knowingly possessed the material.” Girard, 269 Mich App at 20. However, Girard declined to continue its discussion, observing:
We need not address whether the mere presence of a document or image in a temporary Internet file or in the computer recycle bin would be sufficient to prove knowing possession beyond a reasonable doubt because the evidence adduced below, viewed in a light most favorable to the prosecution, showed that defendant’s possession reached beyond such circumstances. Defendant’s wife and the complainant testified that they had seen defendant looking at images of adolescents on his computer screen for extended periods, including during the course of engaging in sexual acts. Furthermore, defendant’s friend testified that defendant had e-mailed pictures of nude children to him. [Id. at 23.]
Because the Court of Appeals explicitly bypassed the issue whether the presence of a document in a temporary Internet file or computer recycle bin constituted knowing possession, I think that defendants misread Girard as mandating that a prosecutor show “something more” to prove knowing possession beyond a reasonable doubt.
Consequently, I would further hold that the presence of temporary Internet files containing depictions of child sexually abusive material may be circumstantial evidence that an “electronic visual image” or “computer image” of such material previously was displayed on a defendant’s computer screen.
YOUNG, J., concurred with CORRIGAN, J.

 483 Mich 1024 (2009).

 See MRE 401 (“ ‘Relevant evidence’ means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”).

 See MRE 402 (“All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Michigan, these rules, or other rules adopted by the Supreme Court. Evidence which is not relevant is not admissible.”).