# Court of Appeals, State of Michigan

## ORDER

People of MI v Myles Russell Jarrell

Docket No.    357753

LC No.        19-002908-FC

Elizabeth L. Gleicher
Presiding Judge

Deborah A. Servitto

Anica Letica
Judges

On the court's own motion, the opinion released on February 10, 2022, is amended to replace all references to a Cadillac Escapade with Cadillac Escalade.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

February 14, 2022
_____
Date

_____
Chief Clerk

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 10, 2022

Plaintiff-Appellee,

v

No. 357753
Jackson Circuit Court
LC No. 19-002908-FC

MYLES RUSSELL JARRELL,

Defendant-Appellant.

Before: GLEICHER, C.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Myles Jarrell allegedly committed eight offenses over a span of eight months. The prosecutor joined the charges to be considered in one trial along with a ninth charge of carrying out these offenses as part of gang activity. Alleged gang membership was the only common thread connecting the various incidents, and this did not suffice to permit joinder of all of these charges in a single trial. We vacate the court's order denying Jarrell's motion for severance and remand for proceedings consistent with this opinion.

## I. BACKGROUND

On November 18, 2018, Jarrell allegedly drove past and fired several shots at a vehicle owned by a member of a rival gang. The driver of the other vehicle described that Jarrell followed her in a dark gray Jeep and fired a volley of shots. Approximately 29 shell casings from two separate weapons were found in the street.

On March 7, 2019, Gabrielle Scheffer died of an overdose after using heroin laced with fentanyl. Scheffer had purchased the heroin from Uriah Hale, and Hale described that he purchased his heroin supply from Jarrell.

On May 16, 2019, officers on patrol were notified that a man in a black Cadillac Escapade had pointed a gun at a young man. Jarrell was inside the Escapade with his girlfriend, who owned it. The girlfriend consented to a search and the officers found a Glock handgun with a laser sight, extended magazine, and a selector switch that could be used to change the weapon to fully

-1-

automatic. An officer testified that such modifications are consistent with guns owned by gang members. No one in the vehicle possessed a license to carry a concealed weapon.

Finally, on July 15, 2019,[1] Jackson police officers were on patrol searching for signs of gang activity. An officer noticed Jarrell, who was a "person of interest" with a warrant out for his arrest for carrying a concealed weapon in relation to the May 16 incident. As officers approached, Jarrell entered the back seat of a black Jeep and reached under the front passenger seat. After securing Jarrell, the officers searched the vehicle. They found a bag containing smaller bags of heroin and fentanyl under the front passenger seat. Underneath the vehicle, the officers found a bag of pills later identified as amphetamine.

The prosecution charged Jarrell with nine counts arising from these incidents:

- In connection with the November 18, 2018 shooting: Count (1) Assault with Intent to Murder (AWIM), MCL 750.83, and Count (2) Possession of a Firearm in the Commission of Felony (felony-firearm), MCL 750.227b,

- In connection with the March 7, 2019 death of Schafer: Count (3) Delivery of a Controlled Substance Causing Death, MCL 750.317a,

- In connection with the May 16, 2019 search: Count (4) Possession of an Automatic Weapon, MCL 750.224(1), Count (5) Felony-Firearm, and Count (6) Carrying a Concealed Weapon (CCW), MCL 750.227,

- In connection with his July 15, 2019 arrest: (7) Possession with Intent to Deliver Heroin, MCL 333.7401(2)(a)(*iv*), and (8) Possession with Intent to Deliver Amphetamine, MCL 333.7401(2)(b)(*ii*), and

- In connection with all his offenses: (9) Commission of a Felony as a Member of a Gang, MCL 750.411u.

Jarrell sought severance of his charges under MCR 6.120(B), arguing that the various incidents were separate transactions, unconnected, and not part of a single scheme or plan. Trying the charges together would unduly prejudice him, Jarrell continued, leading the jury to speculate that he was a violent drug dealer who must have committed some offense. In the alternative, Jarrell asked the court to use its discretion to sever the charges against him under MCR 6.210(C) because a trial on multiple charges would confuse the jury. At a minimum, Jarrell requested that the charge of delivery of a controlled substance causing death be severed and tried separately. The prosecutor objected to any severance, insisting that Jarrell's activities with weapons and controlled substances were all connected by his gang membership.

---

[1] The prosecutor incorrectly contends that this incident occurred on May 15, 2019. The officers involved testified that it occurred on July 15.

The trial court denied Jarrell's motion, finding "that his alleged activities as related to all the counts are a series of connected acts that involve a common scheme or plan." The court conceded that the timeline in this case was "far more attenuated" than in other cases reviewed, but deemed the connection strong enough for the offenses to be tried together.[2]

We granted Jarrell's interlocutory application for leave to appeal to consider the propriety of the trial court's order. *People v Jarrell*, unpublished order of the Court of Appeals, entered August 31, 2021 (Docket No. 357753).

## II. ANALYSIS

MCR 6.120 governs the joinder and severance of charges as follows:

> (A) Charging Joinder. The prosecuting attorney may file an information or indictment that charges a single defendant with any two or more offenses. Each offense must be stated in a separate count. Two or more informations or indictments against a single defendant may be consolidated for a single trial.

> (B) Postcharging Permissive Joinder or Severance. On its own initiative, the motion of a party, or the stipulation of all parties, except as provided in subrule (C), the court may join offenses charged in two or more informations or indictments against a single defendant, or sever offenses charged in a single information or indictment against a single defendant, when appropriate to promote fairness to the parties and a fair determination of the defendant's guilt or innocence of each offense.

> (1) Joinder is appropriate if the offenses are related. For purposes of this rule, offenses are related if they are based on

> (a) the same conduct or transaction, or

> (b) a series of connected acts, or

> (c) a series of acts constituting parts of a single scheme or plan.

> (2) Other relevant factors include the timeliness of the motion, the drain on the parties' resources, the potential for confusion or prejudice stemming from either the number of charges or the complexity or nature of the evidence, the potential for harassment, the convenience of witnesses, and the parties' readiness for trial.

---

[2] Additionally, the trial court relied upon *People v Pope*, unpublished per curiam opinion of the Court of Appeals, issued March 23, 1999 (Docket No. 204645). Not only is this case not precedentially binding, it did not include a severance issue. Indeed, the defendant was tried in two separate trials because his charges lacked sufficient connection.

(3) If the court acts on its own initiative, it must provide the parties an opportunity to be heard.

(C) Right of Severance; Unrelated Offenses. On the defendant's motion, the court must sever for separate trials offenses that are not related as defined in subrule (B)(1).

A court's resolution of a motion to sever charges is a mixed question of fact and law. *People v Williams*, 483 Mich 226, 231; 769 NW2d 605 (2009). We review de novo the trial court's interpretation of MCR 6.120. *Williams*, 483 Mich at 231. We review for clear error the court's factual findings regarding the connection of the underlying charges. *Id*. "To determine whether joinder is permissible, a trial court must first find the relevant facts and then must decide whether those facts constitute 'related' offenses for which joinder is appropriate." *Id*. "Offenses are 'related' if they comprise either 'the same conduct' or 'a series of connected acts' or 'acts constituting part of a single scheme or plan.' " *Id*. at 233, quoting MCR 6.120(B). And we review for an abuse of discretion the trial court's ultimate determination whether to sever charges. *People v Girard*, 269 Mich App 15, 17; 709 NW2d 229 (2005).

The prosecutor argued and the court accepted that Counts 1 through 8 should be tried together because they were part and parcel of Jarrell's high-level membership in a gang—the Thoroughbred Family. Count 9 was raised under MCL 750.411u(1), which proscribes the commission of a felony as part of gang membership as follows:

If a person who is an associate or a member of a gang commits a felony or attempts to commit a felony and the person's association or membership in the gang provides the motive, means, or opportunity to commit the felony, the person is guilty of a felony punishable by imprisonment for not more than 20 years. As used in this section:

(a) "Gang" means an ongoing organization, association, or group of 5 or more people, other than a nonprofit organization, that identifies itself by all of the following:

(*i*) A unifying mark, manner, protocol, or method of expressing membership, including a common name, sign or symbol, means of recognition, geographical or territorial sites, or boundary or location.

(*ii*) An established leadership or command structure.

(*iii*) Defined membership criteria.

(b) "Gang member" or "member of a gang" means a person who belongs to a gang.

Count 3 relating to Jarrell's alleged act of providing tainted heroin that caused Scheffer's death lacks sufficient connection to the other charges to be tried together. The only witness to Jarrell's role in the offense is Uriah Hale. Hale did not implicate Jarrell as a gang member or in any way suggest that Jarrell was able to provide heroin because of his gang membership. No other

-4-

witness described that Jarrell secured the heroin provided to Scheffer because of his alleged gang affiliation. Accordingly, the trial court abused its discretion in denying Jarrell's motion to sever Count 3 from the other offenses levied against him.

The remaining charges occurred over an eight-month period. Counts 1 and 2 (AWIM and felony-firearm) related to the drive-by shooting in November 2018. The prosecutor presented evidence that this shooting was meant as revenge for an earlier shooting committed by the member of a rival gang. Officers and detectives testified at the preliminary examination to explain this theory. Counts 1 and 2 were clearly connected to Count 9 (commission of a felony as part of gang membership). The prosecutor also contended that weapons and drug charges arising from the May 16 and July 15, 2019 events were connected to gang activity, and those charges were also related to Count 9. However, the prosecutor did not establish a sufficient connection between the drive-by shooting and the later drug and weapons possession charges to try them in one trial.

In May 2019, officers found Jarrell in a Cadillac Escapade with a specially modified handgun. No evidence connected that handgun to the November 2018 shooting. A witness testified that the weapon's modifications were consistent with gang activity, but that fact alone did not tie the weapon to the earlier shooting. In July 2019, officers approached and arrested Jarrell because of an outstanding warrant connected to the May 2019 offense. This evidentiary connection arguably supports trying the charges arising from the May and July 2019 events together. But again, the prosecutor established no connection between Jarrell's possession of heroin and amphetamine in July 2019 to the shooting in November 2018. The witnesses at the preliminary examination did not connect the events beyond claiming that Jarrell was a high-ranking member of the Thoroughbred Family gang.

Standing alone, alleged gang membership does not establish that various illegal acts committed by a defendant are necessarily related to each other or form parts of a *single* scheme or plan. The pertinent subsections of MCR 6.120(B) do not permit joinder absent evidence of some logical interrelationship of the charged crimes, overlapping proofs, or a common modus operandi, none of which have been shown here. And the prosecution has not offered a theory of relationship for the crimes other than Jarrell's alleged membership in a gang.

Accordingly, we vacate the trial court's order denying Jarrell's motion to sever the charges against him, and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Deborah A. Servitto
/s/ Anica Letica

-5-