*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MARK ANDREW WALKER,

      Defendant-Appellant.

UNPUBLISHED
March 12, 2025
2:57 PM

No. 370225
Calhoun Circuit Court
LC Nos. 2020-000229-FH;
      2022-002522-FC;
      2022-003269-FH;
      2022-002535-FH;
      2022-003271-FH;
      2022-003272-FH;
      2023-000816-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MARK ANDREW WALKER,

      Defendant-Appellant.

No. 371578
Calhoun Circuit Court
LC Nos. 2022-002522-FC;
      2022-002535-FH;
      2022-003271-FH;
      2022-003272-FH;
      2023-000816-FC

---

Before: RIORDAN, P.J., and YATES and ACKERMAN, JJ.

PER CURIAM.

Defendant—an obstetrician-gynecologist—is accused of leveraging his medical practice to sexually assault five patients and two student interns. In Docket No. 370225, he challenges the trial court's decision to join the five cases involving patient complainants for a single trial. In

-1-

Docket No. 371578, he challenges the trial court's order allowing certain other-acts evidence related to the patient complaints to be presented during the trial under MCL 768.27b and MRE 404(b).[1] We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises out of allegations that defendant, a former obstetrician-gynecologist, engaged in criminal sexual conduct against several of his patients and two student interns. The charges were divided into seven cases—five "patient cases" and two "student cases." Defendant is charged with two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(f), five counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(f), one count of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(b), and two counts of indecent exposure, MCL 750.335a(2)(a).

The prosecution moved to join all seven cases for trial and provided notice of intent to introduce other-acts evidence under MCL 768.27b and MRE 404(b). Specifically, the prosecution sought to introduce evidence of the charged acts across all cases and introduce testimony from additional alleged victims regarding uncharged conduct. Defendant opposed both the motion for joinder and the notice to admit other-acts evidence. The trial court held an evidentiary hearing at which four additional witnesses testified.

Following the hearing, the trial court granted the motion for joinder in part, grouping the cases into two trials: one for the patient complaints and another for the student intern complaints. The court found that the cases within each group shared sufficient similarities to constitute a single scheme. However, the court implicitly rejected the argument that all seven cases could be tried together, as it provided for two trials.

In a separate written opinion and order specific to the patient cases, the trial court ruled that evidence from the student cases, which would be tried separately, would not be introduced in the patient cases. However, it concluded that evidence of the charged acts in each patient case could be admitted as other-acts evidence in the other patient cases under MCL 768.27b and MRE 404(b). Additionally, the court determined that it would permit testimony from two other-acts witnesses, ND and AB, regarding uncharged conduct.

Defendant subsequently filed separate interlocutory applications for leave to appeal. In Docket No. 370225, he challenged the trial court's decision to join the cases for trial, arguing that all seven should be tried separately. In Docket No. 371578, he contested the admissibility of the other-acts evidence. We granted leave in Docket No. 370225 solely on the issue of joining the

---

[1] The Michigan Rules of Evidence were substantially amended on September 20, 2023, effective January 1, 2024. See 512 Mich lxiii (2023). Although the trial court's relevant order was entered after the amendments took effect, the prosecution's notice was filed and the relevant hearing was held before the amendments' effective date. Accordingly, we rely on the pre-amendment versions of the rules.

patient cases together and denied leave regarding joinder of the student cases.[2]  We also granted leave in Docket No. 371578[3] and ordered that the two appeals be consolidated.

## II.  ANALYSIS

## A.  JOINDER

First, defendant argues that the trial court erred in joining the five patient cases for a single trial.  We disagree.

MCR 6.120 addresses joinder and states, in pertinent part:

> (B) On its own initiative, the motion of a party, or the stipulation of all parties, except as provided in subrule (C), the court may join offenses charged in two or more informations or indictments against a single defendant, or sever offenses charged in a single information or indictment against a single defendant, when appropriate to promote fairness to the parties and a fair determination of the defendant's guilt or innocence of each offense.

> (1) Joinder is appropriate if the offenses are related.  For purposes of this rule, offenses are related if they are based on

> (a) the same conduct or transaction, or

> (b) a series of connected acts, or

> (c) a series of acts constituting parts of a single scheme or plan.

> (2) Other relevant factors include the timeliness of the motion, the drain on the parties' resources, the potential for confusion or prejudice stemming from either the number of charges or the complexity or nature of the evidence, the potential for harassment, the convenience of witnesses, and the parties' readiness for trial.

> * * *

> (C) On the defendant's motion, the court must sever for separate trials offenses that are not related as defined in subrule (B)(1).

"To determine whether joinder is permissible, a trial court must first find the relevant facts and then must decide whether those facts constitute 'related' offenses for which joinder is appropriate." *People v Williams*, 483 Mich 226, 231; 769 NW2d 605 (2009).  That makes the inquiry a mixed

---

[2] *People v Walker*, unpublished order of the Court of Appeals, entered September 12, 2024 (Docket No. 370225).

[3] *People v Walker*, unpublished order of the Court of Appeals, entered September 12, 2024 (Docket No. 371578).

question of fact and law. *Id*.; *People v Gaines*, 306 Mich App 289, 304; 856 NW2d 222 (2014). "Under subrule (C), a defendant has an absolute right to severance of offenses that are 'not related.' " 5A Saltzman & Deming, Michigan Court Rules Practice, Text (3d ed), § 6120.2, p 243. However, "Michigan's court rules contemplate that decisions regarding joint or severed trials for related charges lie firmly within the discretion of trial courts." *People v Breidenbach*, 489 Mich 1, 14; 798 NW2d 738 (2011).

The central inquiry is whether these offenses are "related." To be "related," acts must be part of "(a) the same conduct or transaction, or (b) a series of connected acts, or (c) a series of acts constituting parts of a single scheme or plan." MCR 6.120(B)(1). Here, the prosecution concedes that neither definition (a) nor (b) is applicable, so we focus on whether the alleged acts constitute "a series of acts constituting parts of a single scheme or plan." Those terms have not been extensively defined further, but it is clear that "the unambiguous language of MCR 6.120 does not mandate the existence of temporal proximity between several offenses." *Williams*, 483 Mich at 241 (citation omitted). Instead, "MCR 6.120(B)(2) permits joinder of offenses that were not committed at the same time but nevertheless constitute 'a series of connected acts or acts constituting part of a single scheme of plan.' " *Id.* (citation omitted).

The parties direct us to a few cases for comparison. In *Williams*, the defendant was arrested twice, approximately four months apart, while in possession of small rocks of crack cocaine, sandwich baggies, a digital scale, and other drug packaging paraphernalia. *Id*. at 229. He objected to being tried for both charges in a single trial, but the trial court denied his objection. *Id*. at 229-230. After his conviction, he appealed. Our Supreme Court concluded that the two offenses "were plainly 'related' under" MCR 6.120 because "[i]n both cases, defendant was engaged in a scheme to break down cocaine and package it for distribution." *Id*. at 234. Consequently, the Court held that the "defendant's charged offenses constitute[d] 'part of a single scheme or plan' under" MCR 6.120. *Id*. at 235 n 7.

> The charges stemming from both arrests were not "related" simply because they were "of the same or similar character." Instead, the offenses charged were related because the evidence indicated that defendant engaged in ongoing acts constituting parts of his overall scheme or plan to package cocaine for distribution. Accordingly, the trial court complied with what the language of MCR 6.120 unambiguously required. [*Id*. at 235 (footnotes omitted).]

However, the Court also noted that "joinder may not be permitted if a reviewing court concludes that the only link to an ongoing scheme or plan is 'to earn money' through some criminal enterprise." *Id*. at 235 n 10.

In *Gaines*, 306 Mich App at 292, the defendant was charged with multiple sexual offenses, including accosting a child for immoral purposes and third-degree criminal sexual conduct, in cases involving three minors. After his conviction, the defendant contended that the joinder of the three cases constituted an abuse of discretion. *Id*. at 304. We disagreed:

> The evidence demonstrated that defendant engaged in ongoing acts related to his scheme of preying upon young, teenage girls from his high school. In each case, defendant used text messages to communicate with the victims and

-4-

encouraged them to keep their communications secret. In at least two cases, defendant requested naked photographs from the victims and, if they refused, threatened to cut off ties with them. He also used his parents' basement to isolate two of the young girls and sexually penetrate them. [*Id*. at 305.]

We concluded that "the trial court did not err by ruling that the offenses were related." *Id*. at 306.

In this appeal, the trial court joined the five patient cases, reasoning that "due to the similarity of the scheme, location, and access to victims[,] [the patient cases] are both the same conduct and are a series of acts that constitute part of a single scheme . . . ." We find this conclusion consistent with *Williams* and *Gaines*. The common allegation is that defendant exploited his role as an obstetrician-gynecologist to obtain secluded access to patients and engage in sexual misconduct under the guise of medical examinations. Indeed, that is a more consistent modus operandi than the one found sufficient for joinder in *Gaines*, 306 Mich App at 305, where the opinion merely noted that the defendant used "text messages to communicate with the victims" that "encouraged them to keep their communications secret" as a common link between the cases (in addition to the victims all being "young, teenage girls from his high school").[4] It is also a more identifiably distinct modus operandi than that in *Williams*, 483 Mich at 234, where the "scheme" was simply "break[ing] down cocaine and packag[ing] it for distribution"—i.e., drug trafficking.[5]

Defendant's rebuttal to this reasoning is to point to *People v McCune*, 125 Mich App 100, 103; 336 NW2d 11 (1983), where this Court quoted the American Bar Association (ABA) Standards for Criminal Justice to say that "[c]ommon plan offenses" are "dependent upon the existence of a plan that ties the offenses together and demonstrates that the objective of each offense was to contribute to the achievement of a goal not attainable by the commission of any of the individual offenses." The ABA's examples include "a series of separate offenses that are committed pursuant to a conspiracy among two or more defendants" or "a defendant acting alone who commits two or more offenses in order to achieve a unified goal." Defendant contends that

---

[4] The defendant also "used his parents' basement to isolate two of the young girls and sexually penetrate them," *Gaines*, 306 Mich App at 305, but that conduct pertained only to a subset of the victims.

[5] We recognize that both *Williams* and *Gaines* differ from this case in that they involved post-conviction review. In *Williams*, 483 Mich at 243, the Court expressly held that the offenses were "related" but also said that "even if defendant successfully had established that the trial court erred by joining his two cases, any error would be harmless." Similarly, in *Gaines*, 306 Mich App at 306, we held that "the trial court did not err by ruling that the offenses were related . . . ." However, in reaching that conclusion, we considered factors such as convenience to the victims and the inter-admissibility of the evidence, *id*. at 305, that are not included in the definition of "related" offenses under MCR 6.120(B)(1) but instead fall under "[o]ther relevant factors" in MCR 6.120(B)(2). Given a defendant's right under MCR 6.120(C) to severance of "unrelated" cases as defined in (B)(1), the (B)(2) factors may have been more applicable to post-conviction harmless error review than a pre-trial interlocutory appeal like this case. Consequently, we decline to rely on that aspect of *Gaines*.

the alleged conduct does not satisfy this test and further emphasizes that the incidents are spread out over 16 years.

We are unpersuaded. Whatever general commentary from the ABA this Court quoted in *McCune*—several years before we would be bound by any such statement under MCR 7.215(J)(1)—cannot supersede the actual holdings in cases like *Williams* and *Gaines*, where joinder was permitted for "schemes" less distinctive than those alleged here. And since "the unambiguous language of MCR 6.120 does not mandate the existence of temporal proximity between several offenses," *Williams*, 483 Mich at 241, we do not believe the 16-year timespan is an obstacle to joinder either.

## B. OTHER-ACTS EVIDENCE

Defendant further argues that the trial court erred in concluding that other-acts evidence would be admissible under MRE 404(b) and MCL 768.27b during the patient cases trial. We disagree.

We review "a trial court's evidentiary decisions for an abuse of discretion." *People v Danto*, 294 Mich App 596, 598-599; 822 NW2d 600 (2011). "A trial court abuses its discretion when its decision falls outside the range of principled outcomes." *Id*. at 599. "A decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019). "Preliminary questions of law, such as whether a rule of evidence or statute precludes the admission of particular evidence, are reviewed de novo, and it is an abuse of discretion to admit evidence that is inadmissible as a matter of law." *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014).

"Under Michigan's rules of evidence, all logically relevant evidence is admissible at trial, except as otherwise prohibited by the state or federal constitutions or other court rules." *People v Ackerman*, 257 Mich App 434, 439; 669 NW2d 818 (2003); see also MRE 402. "To be relevant, the evidence must be material or probative of a fact of consequence to the action." *Ackerman*, 257 Mich App at 439. "To be material, the fact must be one in issue or within the range of litigated matters in controversy." *Id*. (quotation marks and citation omitted). At the time relevant to the trial court's decision, MRE 404(b)(1) stated that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Such evidence

> may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case. [MRE 404(b)(1).]

Further,

> other acts evidence may be admitted where: (1) the evidence is offered for some purpose other than under a character-to-conduct theory, or a propensity theory, (2) the evidence is relevant to a fact of consequence at the trial, and (3) the trial court determines under MRE 403 that the probative value of the evidence is not

substantially outweighed by the danger of unfair prejudice. [*Ackerman*, 257 Mich App at 439-440.]

"If requested, the trial court may provide a limiting instruction under MRE 105." *Id*. at 440.

In cases involving sexual misconduct, "evidence of other instances of sexual misconduct that establish a scheme, plan, or system may be material in the sense that the evidence proves that the charged acts was committed." *Id*. (quotation marks and citation omitted). Logical relevance is "shown through the similarities between the charged and uncharged acts, rather than on defendant's character, as shown by the uncharged act." *Id*. (quotation marks and citation omitted). "Also, relevant similar acts are not limited to circumstances in which the charged and uncharged acts are part of a single continuing conception or plot." *Id*. (quotation marks and citation omitted).

Moreover, MCL 768.27b expands the admissibility of other-acts evidence beyond the scope permitted by MRE 404(b). See *People v Mack*, 493 Mich 1, 2; 825 NW2d 541 (2012). The statute provides:

> Except as provided in subsection (4),[6] in a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

Prior bad-acts evidence is admissible at trial because "a full and complete picture of a defendant's history . . . tend[s] to shed light on the likelihood that a given crime was committed." *People v Cameron*, 291 Mich App 599, 609; 806 NW2d 371 (2011) (cleaned up).[7] Under MCL 768.27b, the prosecution is allowed to present evidence of a defendant's other acts of sexual assault even for purposes of showing propensity, as long as the evidence does not violate MRE 403. *People v Rosa*, 322 Mich App 726, 732; 913 NW2d 392 (2018).

At the time relevant to the trial court's decision, MRE 403 stated that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

> The "unfair prejudice" language of MRE 403 refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock. Moreover, admission of [e]vidence is unfairly

---

[6] Subsection (4) refers to "[e]vidence of an act occurring more than 10 years before the charged offense . . . ." MCL 768.27b(4).

[7] In *Cameron*, 291 Mich App at 609-610, this Court addressed the admission of other-acts evidence in domestic violence cases. Initially, MCL 768.27b permitted the introduction of other-acts evidence only in cases involving domestic violence. However, the statute was later amended to include other-acts evidence for sexual assault. See 2019 PA 372.

prejudicial when . . . [the danger exists] that marginally probative evidence will be given undue or preemptive weight by the jury. [*Cameron*, 291 Mich App at 611 (quotation marks and citation omitted; alterations and ellipsis in original).]

A court may consider the following factors to determine whether other-acts evidence admissible under MCL 768.27b should be excluded as overly prejudicial under MRE 403:

(1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*People v Watkins*, 491 Mich 450, 487-488; 818 NW2d 296 (2012).[8]]

"This list of considerations is meant to be illustrative rather than exhaustive." *Id*. at 488.

Even under the more stringent standard of MRE 404(b), the other-acts evidence the prosecution sought to introduce would be admissible. Evidence concerning both the charged offenses and the uncharged conduct was relevant to defendant's plan, scheme, or system—that defendant utilized his position as a doctor, specifically as an obstetrician-gynecologist, to sexually assault women seeking his medical care. See *Ackerman*, 257 Mich App at 441. The pattern of acts is also relevant to show the improbability that the touching or indecent exposure was accidental. See *id*.

The prosecution need only rely on MCL 768.27b, then, to the extent that any of this testimony could be construed solely as propensity evidence. Under MCL 768.27b, propensity evidence *is* allowed, see *Rosa*, 322 Mich App 726, as long as it does not violate MRE 403. The rule prohibits the admission of relevant evidence if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." There is no doubt that testimony about the charged offenses and uncharged conduct would be prejudicial to the defense. However, defendant has not established that the evidence would be *unduly* prejudicial.

Although the alleged acts vary in certain details, all the charged offenses and uncharged conduct share a common pattern involving defendant taking advantage of his position as a doctor to sexually assault his patients. The bulk of the incidents were alleged to have occurred between 2011 and 2018, although one charged offense dates back to 2002, and an uncharged incident

---

[8] Although the Michigan Supreme Court in *Watkins*, 492 Mich at 487-488, addressed the admissibility of evidence under MCL 768.27a (concerning offenses against minors), "because of the similarities in the language of MCL 768.27a and 768.27b, we believe that the Michigan Legislature intended the same policy to apply . . . under MCL 768.27b," *Cameron*, 291 Mich App at 610.

involving ND occurred in 2003.[9]  While the incidents were spread out over time, the complainants and other-acts witnesses did not interact with defendant on a daily basis.  Additionally, three complainants testified that defendant made them uncomfortable on multiple occasions, including instances where he hugged them while they were still wearing a gown with nothing underneath.

As a result, the probative value of the evidence concerning the charged offenses and the other-acts evidence was not *substantially* outweighed by the risk of unfair prejudice.  When applying MRE 403 to evidence admissible under MCL 768.27b, "courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 487.  "That is, other-acts evidence admissible under [MCL 768.27b] may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference." *Id*.  Accordingly, the trial court did not abuse its discretion by allowing the evidence related to the charged offenses and the other-acts witnesses to be admitted at defendant's trial.  See *Danto*, 294 Mich App at 598-599.

Finally, defendant argues that MCL 768.27b is unconstitutional because it permits the prosecution to introduce evidence solely to demonstrate a propensity to commit certain crimes based on alleged past actions, which he contends violates due process.  However, this Court rejected a nearly identical challenge to MCL 768.27a in *People v Muniz*, 343 Mich App 437, 460-461; 997 NW2d 325 (2022).  This Court explained that although MCL 768.27a "allows the jury to consider other acts of CSC as evidence of a defendant's character and propensity to commit CSC, it does not lower the quantum of proof or probative value of the evidence that the prosecution must present for conviction of the crime charged." *Id*. at 461.  The Court therefore concluded that "it was not fundamentally unfair to allow the complainant to testify about defendant's other acts of CSC against her." *Id*.  The same reasoning applies to MCL 768.27b.  The statute reflects the Legislature's policy decision to allow juries to consider other-acts evidence for propensity purposes in certain cases.  The procedural safeguards of MRE 401 and MRE 403 provide sufficient protection to ensure a defendant's right to due process and a fair trial.  Accordingly, defendant's argument that MCL 768.27b is unconstitutional is without merit.

Affirmed.

/s/ Michael J. Riordan
/s/ Christopher P. Yates
/s/ Matthew S. Ackerman

---

[9] Although the 2018 incident occurred more than 10 years after the 2002 incident, both fall within the 10-year timeframe of the alleged 2011 or 2012 incident under MCL 768.27b(4).  Additionally, MCL 768.27b(4)(d) permits the admission of evidence outside the 10-year period if it "is in the interest of justice."  Moreover, MRE 404(b) does not contain a timing restriction.